Post and others *vs.* Leet and others.

Where by the terms of the master's sale of mortgaged premises under a decree, the property was to be sold free of incumbrances, and all taxes and assessments were to be paid out of the purchase money, provided bills thereof were produced to the master before the completion of the sale, and it afterwards appeared that an assessment to a large amount against the property, for the opening and macadamizing the avenue through the same, had not in fact been confirmed by the corporation of the city at the time of the sale, although the work had been contracted for and completed more than three years before that time ; *Held*, that purchasers at the sale; who had bid off the property under the belief that such assessment had been confirmed, and that they would hold their lots discharged of the expense of opening such avenue, were not bound to take the property subject to the assessment for that improvement.

Where some of the purchasers at a master's sale bid upon the supposition that a large assessment, amounting to more than one third of the value of the property, was to be paid out of the proceeds of the sale, and other persons who bid at the sale knew that the assessment was not confirmed, and bid accordingly; *Held*, that the purchasers were not entitled to hold their purchases, and to have the unconfirmed assessments paid out of the amount bid, unless the persons interested in the proceeds of the sale consented thereto ; but, as the property had been purchased under a mistake, that there must be a resale.

This was an appeal by Staples & McKeon, two of the de- April 21. fendants, from an order discharging Brown, Mason and Browning, who were purchasers of certain portions of the mortgaged premises, at a master's sale, from their purchases ; unless the appellants would consent that certain assessments upon the lots purchased be paid by the master out of the purchase money. '

*A. L. Robinson & J. McKeon*, for the appellants.

*L. B. Woodruff*, for himself and the owners of the second mortgage.

*S. A. Porter*, for the respondents, the purchasers.

The Chancellor. I think the vice chancellor was right, in this case, in not compelling these purchasers to

1840.

Post
v.
Leet.

take the lots at the prices bid by them, subject to the assessments for opening 10th avenue, &c. Laying out of view the fact that two of these purchasers understood the master to say, previous to the sale, that the assessment for that improvement would be paid out of the proceeds of the sale, as to which the master has no recollection, (and if he did so, it was undoubtedly under the supposition that the assessment was confirmed,) there is no doubt that the respondents bid under a mistake as to the facts of the case, and that they were actually misled by the written terms of sale. The terms of sale were, among other things, that the property was sold free of incumbrances; and that all taxes and assessments were to be paid out of the purchase money, provided bills thereof were furnished to the master before the completion of the sale. The fact is not disputed, that the corporation had contracted for the opening and macadamizing of 10th avenue, opposite the premises, nearly three years before the sale; and that the improvement had been made and the avenue had been used by the public some time previous to such sale. Although, as it now appears, the assessment had not been formally confirmed, purchasers who were not aware of that fact would unquestionably be misled by these terms of sale; unless they were told that such assessment was not yet confirmed, and that the assessment for that particular improvement would not be paid out of the purchase money. As the assessment for this improvement will amount to more than one third of the bids of Browning, and to more than half of the bids of Mason, it would be unjust and inequitable to compel them to take the property and pay the assessments under such circumstances. The amount of the charge upon Brown's lots is not stated, but I presume it was in the same proportion. Although the appellants knew that the assessment had not been confirmed, and therefore bid upon the supposition that if they became the purchasers they would have to pay the assessments themselves, yet as they did not communicate that information to the respondents, it does not affect the equitable claim of the latter to be discharged from their respective purchases.

For these reasons, the order appealed from must be affirmed with costs. And the proceedings are to be remitted to the vice chancellor, to the end that the order for a resale may be carried into effect. As the purchasers have not appealed from the order of the vice chancellor, I cannot modify it so as to permit the assessments to be paid out of the purchase money, without the consent of the appellants. Indeed, such a modification would be improper; as the appellants bid under the supposition that the purchasers were to pay these assessments which were not confirmed; and probably would not have let the property be sold for those prices if they had believed the purchasers were to take it free of this charge.