Twining v. Neil.

STEPHEN B. TWINING et al.

*v.*

EDWARD W. NEIL et al.

In this case a second mortgagee foreclosed without making a prior mortgagee a party. The value of the equity of redemption was merely nominal; Walker bid for it $1,150, signed the conditions and paid the deposit-money. He did not know of the prior mortgage which was recorded. The complainant asks that the sale shall be enforced.—*Held*, that, though the purchaser was negligent, and though there was no fraud or misrepresentation, on the ground of the gross inadequacy of the value of the estate compared with the bid, this court ought not to interfere.

On petition by the complainant in foreclosure proceedings to compel the purchaser at a sale made by the sheriff to complete his purchase.

*Messrs. Bergen & Bergen,* for petitioner.

*Mr. John F. Harned, contra.*

BIRD, V. C.

There is no dispute as to the facts in this case. Walker attended the sale and bid $1,150 for the land offered by the sheriff, paid $125, the amount of the per cent. of the purchase-money required by the conditions, and signed the conditions. He made no inquiries respecting the title or encumbrances. He examined the property, or was so well acquainted with it that he estimated its fair value before attending the sale. On the day fixed by the conditions for delivering the deed and the payment of the balance of the purchase-money, he employed counsel, and soon learned that the lot which he had bid for was encumbered by a mortgage prior to the one on which the foreclosure proceedings rested, and by a tax assessment equal to the full value thereof.

Walker, upon such information, filed his petition in this court, and asked to be relieved from his bid and for an order directing the sheriff to refund to him the deposit-money. The court refused to aid him, on the principles laid down in *Hayes* v. *Stiger, 2 Stew. Eq. 196 ; Seymour* v. *Delancy, 3 Cow. 445 ; Dillett* v. *Kemble, 10 C. E. Gr. 66,* and *Haggerty* v. *McCanna, 10 C. E. Gr. 48.*

And now the complainant comes with his petition and asks the court to compel Walker to pay the amount of his bid. Ought the court to do so ? Walker is a plain business man, but little acquainted with the rules of law and the legal methods neces- sary to be pursued to protect the dealer in real estate. The pur- chase in this case was made in the most indifferent manner, if not the most negligent; certainly, such conduct in many would be re- garded as gross negligence. But shall such indifference or negli- gence enure to the benefit of the complainant ? Shall the court aid him in reaping large advantages from the ignorance (through negli- gence) of Walker ? It is true the law calls such ignorance negli- gence; but is there no defensive relief in equity ? In such case shall this court be more exacting than a court of law ? In such case a court of law would pronounce its judgment upon the verdict of a jury ; and a jury would assess such damages only as the plain- tiff should prove he had actually sustained. Most clearly no jury would go beyond the value of the equity of redemption and costs. Now I am satisfied that the value of the equity of redemption in this case, if anything, was merely nominal. I am as well satisfied that had Walker known the truth, his bid would have been merely nominal, if anything. With such convictions on the mind of the court, is it, nevertheless, the duty of the court to say to Walker, " You bought at your peril and this court must exact of you, as the just penalty of your ignorance and carelessness, the whole amount of your bid ?" I think not. The guide is not in the words of the rule but in the spirit. Guided by the spirit of the rule, courts of equity often decline to enforce contracts. Parties are left to their remedy at law. If a bargain appears unconscionable this court never enforces it, unless third parties become interested. The court is permitted to exercise its

discretion. It is not simply that a bargain is a hard one, but that it is so unequal and unjust as to shock the mind. The following authorities show that courts do not enforce every purchase, and also the principle which influences them: *Rodman* v. *Zilley, Sax. 320; Ely* v. *Perrine, 1 Gr. Ch. 396; Crane* v. *De Camp, 6 C. E. Gr. 414; Malins* v. *Freeman, 2 Keen 25.*

I think, also, that there are cases which sustain me in refusing the aid prayed for by the petitioner. *Post* v. *Leet, 8 Paige 337; Alvanley* v. *Kinnaird, 2 Macn. & G. 1; Leslie* v. *Thompson, 9 Hare 268; Manser* v. *Back, 6 Hare 443; Malins* v. *Freeman, 2 Keen 34. Sugd. Vend. & Pur.*, vol. *1, 364, *310*, says when fraud and misrepresentation do not appear, but the estate is a grossly inadequate consideration for the purchase-money, equity will not relieve either party. See, also, *Seymour* v. *Delancy, 3 Cow. 445; Mortlock* v. *Buller, 10 Ves. 292.*

It is important to observe that the complainant has his remedy at law, which fact has always entered into the consideration of courts of equity. Nor, in this case, must it be forgotten that the complainant, by the conditions of sale, has secured the whole of the deposit-money, which is, as I believe, from the testimony, so much, at least, more than the equity of redemption is worth. In concluding, I think I should distinctly state that, in my judgment, this method of relief is purely defensive; it is not a new doctrine; nor is it in conflict with a single authority which I have had my attention called to in this state; but is distinctly recognized by the chancellor at the close of his opinion, in *Haggarty* v. *McCanna, supra.* This view of the case works no injustice to the petitioner, who is also the complainant in the cause. He has the deposit-money. He has the equity of redemption still, precisely what he had at first. Is it said that it may have declined in value? If so, a jury can determine how much, determining such damage as well as every other.

I think the prayer of the petitioner should be denied, and will so advise, but without costs.