FREDERICK MILES, Appellant, *v.* THE DOVER FURNACE IRON COMPANY et al., Respondents.

The right to a specific performance of a contract, by the decree of a court of equity, rests in judicial discretion, and may be granted or withheld upon a consideration of all the circumstances.

This action was brought upon a contract between the plaintiff and defendant, the D. F. I. Co., to recover damages for a breach of the entire contract and a specific performance of an agreement therein on the part of the company to execute to plaintiff a lease for a term of years of the right to take out ore from said defendant's iron mine from a lower level than that defendant was working. It appeared that the level could not be profitably worked, and so that the lease would be of but little benefit to plaintiff, while the working under it would cause almost a destruction of the mine. A specific performance was refused and damages in lieu thereof awarded. *Held*, no error.

Also *held*, that as in order to entitle himself to a specific performance it was plaintiff's duty to show that it would, under the circumstances, be an equitable and just remedy, what he was required to establish defendant might disprove; and, therefore, that it was not necessary for it to set up in its answer the facts bearing upon the form of the remedy which should be granted.

(Argued December 16, 1890; decided January 13, 1891.)

CROSS-APPEALS from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made June 27, 1889, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

This action was brought to recover of defendant, the Dover Furnace Iron Company, damages sustained by plaintiff by reason of the failure to deliver certain iron-ore in accordance with the terms of a contract between it and plaintiff, and also to compel said company to execute a lease to plaintiff as provided for by said contract.

The contract recited that said company had conveyed to plaintiff certain described premises, upon which was an iron mine then being worked by it, which conveyance was to secure a loan, and plaintiff agreed, upon repayment of the loan, to reconvey the premises to the company. The company was to retain the possession and use of the premises, with the right to work the mine and sell the ore; it agreed to deliver to plaintiff a certain quantity of the ore at prices specified.

The contract then contained this clause ·

"And it is further agreed that in consideration of the premises and one dollar to it in hand paid by said Frederick Miles, of said Salisbury, the said Dover Furnace Iron Company agrees that, in case they shall be able to and do repay said moneys as provided herein, that, at the expiration of said two years, said company will make, execute and deliver to said Miles a good and sufficient lease for the space of twelve years, giving and granting the right and privilege to mine and take from the ore-bed of said company, on said described premises, ore below twenty-five feet from the present level, or lowest point where said company are now working, with a privilege of washing ore on said premises, and of taking ore on track to the Harlem track, jointly with said company, for a royalty to be paid by said Miles to said Dover Furnace Iron Company of twenty-five cents per ton."

The further facts, so far as material, are stated in the opinion.

*Homer A. Nelson* for plaintiff. The warranty deed of March 18, 1885, from the company to the plaintiff was not a mortgage. (*Wallace* v. *Johnston,* 129 U. S. 58.) Mere inadequacy of price in a contract deliberately entered into furnishes no cause for refusing a decree of specific performance. (*Losee* v. *Morey,* 57 Barb. 561.) Exceptions taken by the plaintiff on the trial as to evidence offered by the defendants with reference to the lease should be sustained. (*Reynolds* v. *Robinson,* 64 N. Y. 589.)

*H. D. Hufcut* for defendants. The judgment refusing the lease to the plaintiff and awarding instead thereof damages in the sum of $100 was right. (*Willard* v. *Taylor,* 8 Wall. 565, 567; 17 J. & S. 80; *Clark* v. *R. L., etc., R. R. Co.,* 18 Barb. 350; *Margraf* v. *Muir,* 57 N. Y. 154; Story on Eq. Juris. § 794.) The plaintiff has no equitable claim at all. He is seeking to enforce harsh and unfair terms got by him as a condition of lending a sum of money which has already been paid him. (Fry on Spec. Per. 183.)

FINCH, J. These are cross-appeals; the defendant questioning the judgment for damages awarded against him, and the plaintiff complaining that a specific performance of the contract for a twelve years' lease of the iron mine was refused and small damages given him as the value of the lease.

I am unable to discover any question of law raised by the defendant's appeal. None is suggested by its counsel's brief, but the whole argument made is addressed to what is claimed to be the hard and unconscionable nature of the agreement. It is quite possible that the plaintiff made a better bargain for himself than he could have made if the necessities of the defendant company had been less pressing, but the court has found that the agreement was made upon a full and adequate consideration, and was entered into by the defendant freely with full knowledge of its terms and effect and without fraud and deception. The part of the contract out of which these damages grew provided for the sale and delivery

of certain quantities of iron-ore at a certain rate per ton, and the hardship, if any, originated in the contract price. But men often sell their property at a serious reduction in price, induced to do so by the necessities of their business or the dullness of the market, and the advantage gained by the purchaser, when the sale is freely made and without fraud or deception, is rightfully his and cannot be challenged on that account. There is no ground upon which the defendant's appeal can be sustained.

But the principal discussion has grown out of the plaintiff's appeal. By the terms of the contract he was entitled to a twelve years' lease of the right to take out iron-ore from the mine at a level twenty-five feet below the working of the defendant, paying therefor a royalty of twenty-five cents a ton. Proof was given tending to show that the mine could not be profitably worked in that manner; that the upper drifts or areas could not be adequately supported from below at any cost leaving room for profit; that the earth and ore would be likely to fall in; and that difficulties and disagreements would prove inevitable. Upon the proofs the court found as facts that the plaintiff could not work and take out ore below the existing level without interfering with the owner of the mines in working the upper part, and that the mine would probably be very much injured in value should the lease be made — injured beyond the lease itself — and if worked by both interests would probably result in litigation and trouble. The court thereupon awarded damages in lieu of a specific performance, which was refused, and that refusal, it is claimed, was erroneous and should be reversed.

The right to a specific performance by the decree of a court of equity rests in judicial discretion, and may be granted or withheld upon a consideration of all the circumstances and in the exercise of sound discretion. (*Seymour* v. *Delancey*, 6 J. Ch. 222; *Margraf* v. *Muir*, 57 N. Y. 155.) Enough appeared in the evidence to justify a conclusion that the lease would be of little benefit to the plaintiff and yet work almost a destruction of the mine, and so, a specific performance would simply

injure both parties and benefit neither. Under such circumstances the court had a right to substitute damages for the breach in the room of specific performance.

It is now objected that such defense should have been pleaded, and that the question was raised in time. I do not think the facts were new matter constituting a defense. Indeed they were not a defense at all. They left the defendant guilty of a breach of its contract and liable for its default, and so, respected merely the form of the remedy which the court should administer. The plaintiff, in his complaint, asked, as he had a right to, both damages for a breach of the entire contract and a specific performance of a single branch of it, and himself raised the question which relief should be granted, and made admissible all the facts of the situation bearing upon the alternative and the exercise of the discretion invoked. It was his duty to show that the specific performance he sought would be, under the circumstances, an equitable and just remedy, and what he was required to establish the defendant might disprove so long as he confined himself to the character and consequences and effect of the very contract in issue.

It is further objected that the Dover Iron Company cannot raise the question, because it had sold the mine to the Dutchess Mining Company, and had no longer an interest in the land. Of course the Dover Company had put it out of its own power to grant a lease or give possession, and the only effective decree when the action was commenced must necessarily be against the Dutchess Company if specific performance was awarded at all, and that company defending had a right to resist the relief sought if the Dover Company did not.

On the whole case we think substantial justice was done and in entire accordance with settled equitable rules.

The judgment should be affirmed without costs to either party against the other.

All concur.

Judgment affirmed.