## COVART v. JOHNSTON.

*(Supreme Court, General Term, Third Department.* September 25, 1891.)

1. SPECIFIC PERFORMANCE—INTERPRETATION OF CONTRACT BY ACT OF PARTIES.

Defendant, in performance of his written agreement to convey to plaintiff for $1,700 "all the real estate owned" by him in a certain town, executed a warranty deed (consideration, $1,500) of a house and lot in the town, and a quitclaim deed (consideration, $200) for two lots of wild lands, and a mortgage for the unpaid purchase money was given in return. The deeds were duly recorded. In an action brought 16 months later, to compel specific performance of the agreement by a conveyance of defendant's one-third undivided interest in a cemetery of one and six-tenths acres, plaintiff testified that he first discovered that such interest was not included in defendant's deeds about six months after their execution, after which it appeared he paid his mortgage in full. *Held* that, in the absence of fraud or deceit, the delivery and acceptance of the deeds and mortgage showed the understanding of the parties as to the meaning of the contract, and amounted to a performance, and a finding and decree for plaintiff could not be sustained.

2. SAME—MISUNDERSTANDING—REMEDY AT LAW.

Where it appears from the deeds executed by a vendor in performance of his contract to convey "all the real estate owned" by him in a certain town that he did not suppose the contract to cover his interest in a cemetery, equity will not enforce specific performance as to such interest, but will leave the vendee to his action at law for damages.

3. SAME—LACHES.

The vendee, in a contract to convey "all the real estate owned" by the vendor in a certain town, a year after discovering the omission from the deeds executed in performance thereof of the vendor's interest in a cemetery, voluntarily paid the consideration, without making any claim therefor. *Held,* that equitable relief should be denied him.

Appeal from circuit court, Sullivan county.

Action by James M. Covart against John M. Johnston. There was a judgment for plaintiff, and defendant appeals.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*T. F. Bush,* (*S. M. Lindsley,* of counsel,) for appellant. *O. P. Howell,* (*Lewis E. Carr,* of counsel,) for respondent.

LEARNED, P. J. The defendant made a written agreement, dated March 27, 18 7, by which, for a certain price, ($1,700,) to be paid part at the time, some five months afterwards, and part in two equal annual payments, secured by mortgage, he was to sell to plaintiff "all the real estate owned by me in the town of Highland." The agreement was to be performed in 10 days. Soon afterwards the plaintiff went to defendant to close up the transaction. The defendant then gave him, in performance of the contract, a warranty deed (consideration, $1,500) of a house and lot in Highland, and a quitclaim deed of two lots of wild land (consideration, $200) in said town, explaining to plaintiff that defendant's title to the wild land was under a treasurer's sale, and therefore he gave only a quitclaim. The plaintiff received these, and put them on record. The plaintiff paid the cash payment, and executed a bond and mortgage on the house and lot and the wild land for $1,200, the balance of the purchase price, which he then delivered to defendant. This bond and mortgage the plaintiff paid in full about July 18, 1888, to the defendant. About the 23d of July, 1888, the plaintiff demanded of defendant that he should execute to him another deed of a certain interest owned by defendant in what may be called the "cemetery." It appears that in 1885 two persons conveyed to the defendant one undivided third of a lot containing one acre and six-tenths, to be used "as and for a cemetery, and for that purpose only." By the conveyance four burial lots were set apart therein for certain persons. Before that conveyance, and since and before the contract with plaintiff, several interments had been made there, and lots had been sold and paid for. It is the defendant's interest in this cemetery which plaintiff demanded. This action is brought solely to compel a specific

performance of the aforesaid agreement by a conveyance of defendant's one-third of the cemetery. The plaintiff had a decree in his favor, and defendant appeals.

Now, it is to be noticed that there is no charge of fraud or deception in the execution or delivery of the deeds by defendant to plaintiff; nor is there any request to reform those deeds for mistake. No such cause of action is claimed. The plaintiff, on the trial, says that when defendant delivered them defendant said: "Have you not been acquainted with me long enough to know that what I do is all right? * * * You have got an article or agreement if this is not right." But there is no proof that plaintiff could not have read the deeds, or even that he did not. He says that six months after, when the deeds were returned to the county clerk's office, he learned that the cemetery lot was not included. It is evident, then, that, without fraud or intent to deceive, the deeds were delivered and the mortgage executed as a performance of the contract. The parties then accepted the transaction as performance. Nothing more was asked. The consideration expressed in the two deeds was in all $1,700, the exact price according to the agreement. In the absence of fraud the parties must be held to have performed the contract then as they understood it to mean. It is true that the words "all my real estate" might have been intended to include the cemetery. But it is equally true that the parties might have had no reference to the cemetery when the agreement was made. The defendant's rights therein were limited by the use to which it was devoted, and it is quite probable that the cemetery lot was not in the minds of the parties. When, therefore, they came to perform the agreement, and the cemetery lot was omitted, the inference is strong that it had never been within their intention. This view is enforced by the expressed consideration. It is further enforced by the fact that, though the plaintiff, as he says, discovered, six months afterwards, that the cemetery was not included, yet a year afterwards he paid to defendant the full amount of the mortgage as if the contract had been fulfilled. It is enforced also by the fact that, though plaintiff took possession of the house and lot, he never had anything to do with the cemetery, and never acted with the other owners. He says that he wrote defendant, and the defendant denies receiving the letter. But he took no affirmative action for the year during which, at least, he knew that his deeds did not convey the cemetery. It cannot be claimed that there was a collateral agreement in the writing which remained in force after performance. Plaintiff's claim is that defendant shall perform by executing a deed. That is the very thing that defendant did, and which plaintiff accepted; and until fraud or mutual mistake is shown in respect to that performance it must stand. The complaint does not allege and the proof does not show fraud.

There is another consideration. The remedy of specific performance is in a certain degree discretionary. It will not be granted where there is an unconscionable bargain, or where there is any lack of fairness, even though it could not be said that the contract was tainted with fraud. 3 Pom. Eq. Jur. § 1405, note 3. A striking case illustrating this may be found in *Denny* v. *Hancock*, L. R. 6 Ch. App. 1. Now, it is evident here that if the plaintiff understood the contract as including the cemetery the defendant did not so understand it. He valued his house and lot, we may infer, at $1,500, and his wild land at $200, and sold both for $1,700. He executed and delivered the deeds, explaining the reasons for a clause in one in respect to water-pipe; so that on the whole case it may well be thought that the defendant did not suppose that the contract included the cemetery. If it be that the words of the contract were to be construed to include the cemetery, then the plaintiff should be left to his action at law for damages, and not be permitted to enforce a contract specifically as to which there is an evident misunderstanding.

Furthermore, one who would have specific performance should be prompt

in claiming it. Here the plaintiff, on his own showing, has waited a year, and during that time has given no intimation that the contract had not been fully performed. Still more, since his discovery, as he claims, that the defendant had not conveyed all his land to him, the plaintiff has voluntarily paid the defendant the money, or the balance of the money, secured by the mortgage, without making any claim by the way of recompensement. All these circumstances should make the court refuse him this equitable relief. The judgment should be reversed, and the complaint be dismissed, with costs against the plaintiff. All concur.