EICKWORT v. POWERS.

*(Supreme Court, General Term, First Department.  December 31, 1891.)*

1. SPECIFIC PERFORMANCE—ENFORCING PART OF CONTRACT.

A purchaser of lands who refuses to accept a deed to the whole thereof, on the ground that the title to one undivided half is imperfect, is not entitled to specific performance as to the remaining half, in the absence of special circumstances showing that such a decree is necessary, as this would be enforcing a contract not made by the parties, and would necessitate a suit for partition, which is not favored by the policy of the law.

2. SAME—DECREE.

When a decree for specific performance is refused on this ground, and it appears that the objection to the title is of doubtful validity, that the vendor has acted in good faith, and has tendered back the money already paid by the vendee under the contract, together with his expenses in examining the title, a decree for the sum so tendered, without interest, is just to both parties.

Appeal from special term, New York county.

Suit by Louis Eickwort against James G. Powers for specific performance. Decree refusing the relief asked, and requiring defendant to repay money paid under the contract, together with plaintiff's expenses in examining the title, without interest.  Both parties appeal.  Affirmed.

The following opinion was delivered by LAWRENCE, J., at the special term:

Even if it be admitted that the title of the defendant to one undivided half of the premises agreed to be conveyed was defective, because the two conveyances are from the defendant and his mother, as executor and executrix of Joseph D. Powers, deceased, to Robert A. Powers, and the other from Robert A. Powers and wife to the defendant, are to be regarded as parts of one transaction, and that the title thereby sought to be vested in the defendant was voidable, under the case of *People* v. *Board*, 92 N. Y. 103, and under the doctrine of the cases therein reaffirmed, I am of the opinion that the plaintiff has failed to make out a case which entitles him to a decree for a specific performance of the contract as to the remaining undivided one-half of the premises, as to which it is admitted the defendant's title is perfect.  If the plaintiff's contention as to the unmarketable quality of the defendant's title to one-half of the property contracted to be conveyed is correct, the title fails as to so large a portion of the property as to require the court to refuse to make, in substance, a new contract for the parties.  In *Mills* v. *Van Voorhies*, 20 N. Y. 421, the plaintiff, while objecting to the defendant's title to certain portions of the lands agreed to be conveyed, sought a specific performance as to those portions to which the defendant had a valid title.  The court of appeals, SELDEN, J., delivering the opinion of the court, said, as to this point:  "The court of chancery in England has frequently exercised the power here sought to be invoked, and our courts have in some instances followed their example.  But it is obvious that, in this country, where the value of real estate is so fluctuating, changing, not infrequently, from day to day, the practice of making such decrees, if generally adopted, would give to the purchasers of such property great advantages over their vendors.  By availing themselves, as in this case, of some defect in the title to a portion of the premises, they might keep the matter in abeyance, perhaps for years, secure against loss in case of a fall, but ready to avail themselves of any rise in the value of the property.  Although, therefore, the power of making such decrees no doubt exists, it should, in this country at least, be exercised with great deliberation and caution."  Keeping in view the rule thus enunciated by the court of appeals, it is entirely clear to me that the plaintiff is not entitled to a decree of partial performance.  The contingency upon which he rests the objection to the title which defendant derives through the deed in which he joined as executor to Robert A. Powers, and through the deed back from Robert to him, is exceedingly remote, inasmuch as in that deed not only

the executor and executrix, but the widow and two sons of the deceased, united individually, and in the deed it was recited that the two sons executed the same for the purpose of selling all their right, title, and interest to the remainder under the will of the testator. It appears, also, from the admitted statement of facts submitted upon the trial, that before the commencement of this action the defendant offered to repay the plaintiff the money which he had paid on the contract and his expenses in examining the title, and to cancel the contract. The plaintiff did not accept this offer, but brought the present action, and, since it has been pending, the defendant has tendered a deed from himself, as surviving executor under the will of Joseph D. Powers, of all the right, title, and interest of the estate in the six lots for an expressed consideration of $150, and at the same time tendered a deed from himself and wife of all their interests in the same. These facts establish that there has been no fraud, misrepresentation, or concealment on the part of the defendant, and the efforts by him to clear up the title were, I am satisfied, honest and sincere. It may, perhaps, be doubted whether, by the execution of the two deeds lastly above referred to, the defendant did not remove all substantial objections to his title, (*Insurance Co.* v. *Woods*, 121 N. Y. 302, 24 N. E. Rep. 602;) but, whether such was the effect or not, the execution of the deeds relieves the defendant of all imputation of concealment or bad faith. My conclusion, therefore, is that all that the plaintiff is equitably entitled to is a decree that he should have returned to him the portion of the purchase money which he paid upon the execution of the contract, and his legitimate expenses in examining the title, but, in consequence of his having refused the defendant's offers, neither interest upon the portion of the purchase money paid nor costs should be allowed to him.

Argued before VAN BRUNT, P. J., and DANIELS and INGRAHAM, JJ.

*A. J. Rogers,* (*James C. de la Mare,* of counsel,) for plaintiff. *Mapes & Kelly,* (*John A. Mapes,* of counsel,) for defendant.

DANIELS, J. The defendant, on the 11th of February, 1888, entered into a written contract with the plaintiff, whereby the defendant agreed to sell and convey, for the consideration of $4,800, six lots of ground in the Twenty-Fourth ward of the city of New York. The plaintiff paid the amount of $200, which was payable by him on the execution of the agreement; and, to fulfill its terms, he was to pay the further sum of $1,000 on the delivery of the deed, and secure the sum of $3,600 by his bond and mortgage on the premises included in the agreement. The $200 were paid by him; and, at the time agreed upon for the completion of the contract, he tendered to the plaintiff a deed executed by himself and his wife, sufficient in form to convey the premises; but the plaintiff refused to accept the deed on the ground that the defendant's title to an undivided half of the property was not satisfactory, and was in fact possibly incomplete. As to that undivided half the defendant acquired his title under a deed from the executors of the estate of Joseph D. Powers, its preceding owner, and in which deed other persons had joined, and the will of James G. Powers contained a power of sale authorizing his executors to sell and convey any and all real estate and interest therein belonging to the testator. After the refusal by the plaintiff to accept the deed, he brought this action for the specific performance of the contract, so far as it related to the other undivided half of the premises. But the court at the trial held that he was not entitled to a conveyance of that undivided half as long as he had reason satisfactory to himself for refusing to receive the conveyance including the other half of the premises. A judgment was given in the action to that effect, and for the return to him of the money which had been paid upon the contract, and, as that had been offered by the defendant prior to the commencement of the action, that the plaintiff should not recover interest upon it, nor the costs of the suit. In his determination of the action, Mr.

Justice LAWRENCE, who presided at the trial, delivered an opinion which made a very satisfactory disposition of the action, and but little needs to be added for the disposition of these appeals.

Cases may be presented where the vendee in a contract for the sale of real estate would be entitled to the conveyance of an undivided interest when the vendor had not such a title as would enable him to convey the entire property. But they are by no means usual, for such a disposition of the controversy imposes upon the court the duty of making or decreeing the performance, for the parties, of a different agreement from that which they had entered into; and it may reasonably be required, therefore, to sustain a determination to that effect, that some fact or circumstance should appear to exist, rendering the conveyance of an undivided interest, under a contract for the sale of the entire title, necessary or just. No such circumstance has been disclosed in the present action. It has not been made to appear that the plaintiff could secure any special advantage by the conveyance of this undivided one-half of the property to him, or that he, in point of interest, would be benefited as a matter of fact, by that conveyance. No special necessity or propriety has been alleged or made to appear in support of the action. But as a result from the making of the contract, and the inability of the defendant to convey the other half of the title, the plaintiff has substantially asserted himself to be entitled to the conveyance of the undivided half for which the defendant concededly has the ability to make a proper conveyance. This subject employed the consideration of the court of appeals to some extent in *Mills* v. *Van Voorhies*, 20 N. Y. 412; and in the opinion which was given it was the expressed judgment of the judge who wrote it that ordinarily the conveyance of a partial interest in real estate should not be decreed where the vendor was incapable of transferring a complete title to the property; and, while this may not have been necessary to the strict disposition of that case, the conclusion which was expressed, as it appears to have been reasonable in itself, was a just and proper enunciation of the law. In this class of cases, whether there shall be a specific performance of a contract for the sale of land is a subject that has been confided very much to the discretion of the court in which the action may be brought, (*Margraf* v. *Muir*, 57 N. Y. 155; *Conger* v. *Railroad Co.*, 120 N. Y. 29, 23 N. E. Rep. 983; *Miles* v. *Iron Co.*, 125 N. Y. 294, 26 N. E. Rep. 261;) and being diecretionary, as the law has clearly made it to be, there should be some fact or circumstance indicating the propriety of the conveyance of a partial title under a contract for the entire title, before such a conveyance should be directed by the court; for the most which the vendee in that manner would otherwise at the time acquire would be the right to bring and prosecute an action for the partition of the property, which it is not consistent with sound policy to encourage. Without such an action the property could be of no separate advantage to the plaintiff on account of the disability to hold any part of it in severalty; and no substantial reason appears for placing the plaintiff in the condition in which it would be necessary for him to resort to such a proceeding. As long as he declined to accept the entire title, which, after all, may not be involved in any very serious doubt as to its validity, he should be satisfied to receive back his deposit, and renounce all claim on his part to the property. The judgment has provided for his relief to that extent. It has awarded to him the return of the sum of $200 paid by him, and the additional sum of $60 for the expenses incurred in the examination of the title to the property. That was a just disposition to be made of the action as to each of these parties. No well-founded ground of complaint exists in behalf of either of them, and the judgment from which the appeals have been taken should be affirmed, without costs to either party.

VAN BRUNT, P. J., concurs. INGRAHAM, J., concurs in the result.