(19 Misc. Rep. 438.)

## BOWMAN v. McCLENAHAN.

(Supreme Court, Special Term, New York County.   February, 1897.)

1. SPECIFIC PERFORMANCE—MISTAKE AS TO TERMS OF SALE.
   Specific performance will not be decreed against a purchaser where he misunderstood the terms of the sale as to a material matter, and the mistake was not due to culpable negligence.
2. VENDOR AND PURCHASER—EMPLOYMENT OF PUFFER.
   The employment of puffers by a vendor at an auction sale relieves the purchaser from his contract.

Action by Julius Bowman against James McClenahan for specific performance of contract for the purchase of land.   Complaint dismissed.

Johnston & Johnston, for plaintiff.
John Hardy, for defendant.

PRYOR, J.   The rules by which the discretion of the court is determined in decreeing specific performance are clearly ascertained and firmly established.   "Specific performance may be granted or withheld upon consideration of all the circumstances," and it is incumbent on the plaintiff "to show that under the circumstances it would be an equitable and just remedy."   Miles v. Iron Co., 125 N. Y. 294, 26 N. E. 261.   "The contract must be established by competent and satisfactory proof, which must be clear, definite, and certain."   Lobdell v. Lobdell, 36 N. Y. 327.   "A decree for specific performance should never be granted unless the terms of the agreement are clearly proved, nor when it is left in doubt whether the party against whom relief is asked in fact made such an agreement as is alleged."   Hennessey v. Woolworth, 128 U. S. 438, 9 Sup. Ct. 109.   "Specific performance will be withheld when, from a view of all the circumstances of the case, it appears that it will produce hardship or injustice to either of the parties."   Willard v. Tayloe, 8 Wall. 557.   "Specific performance of a contract for the sale of lands will not be decreed in cases of fraud or mistake, or of hard and unconscionable bargains, or where the decree would produce injustice or would be inequitable under all the circumstances."   Margraf

v. Muir, 57 N. Y. 155; Gotthelf v. Stranahan, 138 N. Y. 345, 351, 352, 34 N. E. 286; McPherson v. Schade, 149 N. Y. 16, 43 N. E. 527. "The plaintiff should not be permitted to enforce a contract specifically as to which there is an evident misunderstanding." Covart v. Johnston (Sup.) 15 N. Y. Supp. 785, 786, affirmed 137 N. Y. 560, 33 N. E. 338.

That in the case under consideration there was a misapprehension by the defendant of a term of the contract is not to be doubted on the evidence. When he made his bid, he did not suppose that the sale was subject to the unexpired lease; and the mistake was material, for he bought the property for immediate use. Assuming that the conditions of the sale were promulgated as alleged by the plaintiff, they were not so understood by the defendant; and the circumstances of the transaction are not such as necessarily imply culpable negligence on his part. Possibly the mistake might not afford a defense to an action at law, but in equity it is fatal to the relief of specific performance. Post v. Leet, 8 Paige, 337; Best v. Stow, 2 Sandf. Ch. 298; Rushton v. Thompson, 35 Fed. 635. Indeed, here is no contract, the parties not assenting ad idem. "It is essential to the validity of the contract that the parties should have consented to the same subject-matter in the same sense. * * * If there was a misunderstanding between them, there was clearly no contract." Utley v. Donaldson, 94 U. S. 29, 48. "The doubt upon the question as to whether both parties understood the agreement alike is so great that I think the court ought not to decree a specific performance in favor of either." Walworth, Ch., in Coles v. Bowne, 10 Paige, 526, 534.

Upon another ground, still, the plaintiff is not entitled to the relief he solicits. The proof is conclusive that his son attended the auction as a "puffer," and submitted bids in competition with the defendant. "The principle upon which the employment of puffers, by the person for whom a sale at auction is made, is disallowed, as a fraud upon fair purchasers, is that the persons who thus bid are not in fact real bidders, but are the mere instruments of the vendor to deceive the other bidders." Walworth, Ch., in Insurance Co. v. Loomis, 11 Paige, 431, 432. In this country the prevalent rule is that the employment of puffers by the vendor absolves the vendee from the obligation of his contract. Authorities collected in note to Thomas v. Kerr, 96 Am. Dec. 267. Were it indispensable to the defense that the by-bidding enhanced the price to the purchaser, I should have no difficulty in so finding the fact. Without reference, therefore, to other objections urged by counsel for the defendant, I am persuaded that, for the reasons already apparent, it would be inequitable to decree specific performance of the contract in controversy.

Judgment dismissing the complaint on the merits, with costs.