(71 Misc. Rep. 288.)

### EISEMAN v. JOSEPHTHAL.

(Supreme Court, Special Term, Erie County. February, 1911.)

1. SPECIFIC PERFORMANCE (§ 52*)—CONTRACT FOR SALE OF LAND — MISTAKE —QUESTION OF LAW.

Specific performance of a contract for the sale of land free of all in-cumbrances at the suit of the purchaser will not be enforced when the vendor acting in good faith and under advice of counsel believed that, under a certain statute, the purchaser would have to pay future install-ments of an assessment as they became due, while the purchaser honestly believed that the vendor would have to pay them.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 155–159; Dec. Dig. § 52.*]

2. SPECIFIC PERFORMANCE (§ 52*)—MISTAKE.

Specific performance may be refused on the ground of excusable mis-take, misconception, or misunderstanding respecting an important pro-vision of the contract.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 155–159; Dec. Dig. § 52.*]

3. SPECIFIC PERFORMANCE (§ 16*)—DEFENSES—ENFORCEMENT INEQUITABLE.

Specific performance will never be decreed where it would be inequi-table; and it is immaterial whether the fact that it is inequitable arises

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

from the provisions of the contract or from external facts and circumstances which affect the situation and relation of the parties.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 35, 36; Dec. Dig. § 16.*]

4. SPECIFIC PERFORMANCE (§ 119*)—BURDEN OF PROOF.

One seeking specific performance of a contract must show that under the circumstances it would be an equitable and just remedy, and defendant is not bound to plead considerations which will render such relief inequitable.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. § 383; Dec. Dig. § 119.*]

Action by Stella Eiseman against Louis M. Josephthal. Judgment directed in accordance with opinion.

Frederick Ullman, for plaintiff.
George B. Young, for defendant.

MARCUS, J. This is an action brought by the plaintiff to compel the specific performance by the defendant of a contract for the sale of land by the latter of certain property located in Tonawanda, N. Y., "free of all incumbrances." It was stipulated that the sole issues involved in this litigation were: First. "Does chapter 307 of the Laws of 1900 of the state of New York create a lien against the property which the defendant agreed to sell to plaintiff 'free of all incumbrances' for its just proportionate share of the total amount of the principal and interest of the bonds issued under this act, or only for such portion or portions of said amount 'as the same become payable'?" Second. "Is the plaintiff entitled to specific performance of the contract?"

The Act of 1893, c. 550, which provided for the improvement of highways in the town of Tonawanda, was adjudged unconstitutional and void in essential particulars in a suit brought by the town against numerous property owners and others, including this defendant, Josephthal. In 1900 the Legislature passed an act (chapter 307) which provided for the payment of the expense of the improvement of Delaware avenue in said town, of which the property owners should receive the benefit, and that act was adjudged constitutional and valid in the suit referred to. We presume that the negotiations for the sale and conveyance of the lands in question were conducted under the supervision and advice of the attorneys for the respective parties. The defendant was no doubt aware of this large assessment, and his attorney was familiar with the provisions of the said act of 1900. We assume said attorney advised the defendant that, by reason of the explicit language of section 14, future payments to be made upon the assessment did not constitute liens or incumbrances upon the property until they became due and payable, and that the defendant took such advice into consideration when he determined the price at which he was willing to sell. Evidently the defendant's attorney based his opinion and advice upon the precise language of the statute that "all assessments authorized by this act shall become and be a lien upon the lot or parcel of land upon which they are assessed at and from the time

the same becomes payable." Clearly the attorney had every reasonable ground upon which to base his opinion, and was therefore excusable in giving it, even though the court should now with some hesitation differ with him. Indeed, the case of McLaughlin v. Miller, 57 Hun, 430, 10 N. Y. Supp. 830, appears to support his contention. That case was affirmed in 124 N. Y. 510, 26 N. E. 1104, upon the ground that the amount of the assessment was not legally ascertained and determined at the time of the delivery of the deed, so as to make it an incumbrance within the meaning of the covenant. The court did not, however, explicitly repudiate it upon the ground upon which the General Term based its decision, though it would seem that the judge writing the opinion did not quite agree with that determination. However, it should be observed that the statute there in question contained no such language as that in the statute under consideration, to wit, that all assessments should become and be a lien at and from the time that the same becomes payable. Therefore the opinion of the court in 124 N. Y. 510, 26 N. E. 1104, cannot be invoked as authority against the defendant's contention.

We may assume that the plaintiff's attorney advised her that, notwithstanding the plain terms of section 14, the whole amount of the unpaid "assessment" was a lien or incumbrance upon the land, and that the vendor would have to pay and discharge or remove it or allow the amount out of the purchase price. If so, then plaintiff naturally took such advice into consideration in determining the price she would be willing to pay for the property with the incumbrance removed. And yet it is hardly conceivable that a prudent counselor and adviser would, with actual knowledge of the provisions of the statute and the language employed therein, give advice of such a character in such a manner as this; for the question would naturally arise, "Did the Legislature mean to declare affirmatively that no portion of the expenses of the improvement should become a lien until the proportionate amounts of the assessment should become payable?" The question involves a suggestion of serious doubt and demands for its true and proper solution a judicial determination. No lawyer could with reasonable certainty or security advise his client to go counter to the statutory provision of such a character in reliance upon the assumption that, as the statute fails to declare in express terms that the whole expense of the improvement shall not become and be a lien from the time of the original "assessment," such assessment in its total amount constitutes a present lien or incumbrance, notwithstanding the expression that assessments shall become and be a lien upon the land "at and from the time the same becomes payable." And the vendor's counsel will be much surprised to learn from the court that the words of the statute do not signify what he believed they did at the time. And thus the matter stands: The defendant supposed or believed that the plaintiff as the prospective owner of the land would take care of or pay future installments of the assessment as they became due; while the latter expected the defendant would pay and discharge them before the delivery of the conveyance. The consequence will be that whichever way the court decides the point the expectations of one

of the parties will be grievously defeated; for, on the one hand, the vendor will receive several thousand dollars less than he bargained for, and, on the other, the vendee will have to pay that much more than she had any intention or purpose of paying; for, if the court shall adjudge that future installments do not constitute an incumbrance, the decree will be that it shall be·excepted from the scope of the covenant. Gotthelf v. Stranahan, 138 N. Y. 345, 352, 34 N. E. 286, 20 L. R. A. 455.

But the defendant does not really insist upon a decree of the kind, since he is willing and has offered in open court to return the money paid to him and put the plaintiff in statu quo ante the contract. His desire is to be relieved from the contract entirely. The court will not, however, undertake to determine whether or not they constitute an incumbrance within the true meaning of the contract or of the covenant against incumbrances in the conveyance, though they do undoubtedly constitute a general "charge" upon the property, since the owner at the time the installments become due must pay them. The parties have acted upon a misunderstanding or conception of their respective rights and obligations in the formation of the contract. Each one contends that no fault can be imputed to him or her.

[1] It does not necessarily follow, if the court shall be of the opinion that the plaintiff is right in her contention, that a decree of specific performance must be awarded; [2] for upon established doctrines of equity the court may be justified in refusing such relief upon the ground of excusable mistake, misconception, or misunderstanding respecting an important provision of the contract. And under the circumstances of this case we conceive it would be highly inequitable to enforce the contract in accordance with the construction of the statute adopted by the plaintiff, when the defendant was justly excusable for entertaining a different construction. For instance in Gotthelf v. Stranahan, 138 N. Y. 345, 352, 34 N. E. 286, 20 L. R. A. 455, the court, after holding that, although the assessments were in a strict sense incumbrances, they were not such within the meaning of the contract, remarked:

"But, even if the contract by its true interpretation imposes upon the defendant the legal obligation to pay the assessment, this is not decisive of the right of the plaintiff to relief by way of specific performance. This equitable remedy cannot be claimed as a matter of right. It is discretionary with the court to grant or withhold it in furtherance of justice, or to prevent injustice. Where, by reason of the circumstances attending the making of the contract, such as fraud, accident, mistake, * * * the enforcement of an equitable remedy would be inequitable and produce results not within the intent or understanding of the parties when the bargain was made, and there has been no inexcusable laches or inattention by the party resisting performance, * * * the court may and will refuse to specifically enforce the contract. * * * But it seems to us very clear that to enforce the contract in this case by requiring the defendant to covenant against assessments in question will violate the spirit of the contract and convert the equitable power of the court into an instrument for the accomplishment of rank injustice."

[3] Specific performance will never be decreed where it would be inequitable. It is immaterial whether the fact that it is inequitable arises from the provisions of the contract or from external facts or circumstances which affect the situation and relation of the parties,

for in either case it may constitute a sufficient ground for a court of equity to withhold this relief and leave the parties to their legal remedy. Stokes v. Stokes, 155 N. Y. 590, 50 N. E. 342.

[4] Specific performance may be granted or withheld upon consideration of all the circumstances, and it is incumbent on the plaintiff to show that under the circumstances it would be an equitable and just remedy. It should never be granted unless the terms of the agreement are clearly proved, nor when it is left in doubt whether the party against whom the relief is asked made such agreement as is alleged; nor when it appears that it will produce hardship or injustice to either of the parties. The plaintiff should not be permitted to enforce the contract specifically when there is an evident misunderstanding. Bowman v. McClenahan, 19 Misc. Rep. 438, 44 N. Y. Supp. 482, quoting from the cases. In the latter case Pryor, J., said:

"Assuming that the conditions of sale were promulgated as alleged by plaintiff, they were not so understood by defendant, and the circumstances of the transaction were not such as necessarily imply culpable negligence on his part. Possibly mistake might not afford a defense to an action at law; but in equity it is fatal to the relief of specific performance."

In Coles v. Bowne, 10 Paige, 526, 534, Chancellor Walworth observed:

"The doubt upon the question as to whether both parties understood the agreement alike is so great that I think the court ought not to decree specific performance in favor of either."

And where the purchaser at a foreclosure sale paid under a mistaken supposition that the assessment for a completed street improvement had been confirmed, and would be deducted from the purchase money, he was held entitled to be discharged from his bid. Post v. Leet, 8 Paige, 337. In Kelly v. York, etc., Company, 94 Me. 374, 47 Atl. 898, Emery, J., said:

"Not every party who would be entitled as of right to damages for the breach of a contract is entitled to a decree of specific performance. Before granting such a decree, the court should be satisfied not only of the existence of a valid contract, but also of its fairness and its harmony with equity and good conscience. However strong and clear the language of the contract, however plain the right at law, if specific performance for any reason gives a harsh result, inequitable, or contrary to good conscience, the court should refuse such decree and leave the parties to their remedies at law."

In Mansfield v. Sherman, 81 Me. 371, 17 Atl. 302, it was held that equity will not assist one party to gain an advantage from the mistake of another. It was stated by the court that "the mistake of one party will justify a court of equity in refusing to decree specific performance against him," and then proceeded to give a number of illustrative cases from the English reports. It seems where one party to a contract proves that he understood an agreement in a different sense to the other, the court will refuse to decree specific performance of the agreement without considering whether the defendant's construction be reasonable or not. Yocombe Co. v. Donnington Hospital, L. R. 1, Ch. 267.

In Manser v. Bock, 6 Hare, 447, the court (after stating general principles) remarked:

"And therefore, when the terms of a written agreement have been ambiguous so that to adopt one construction that might reasonably be supposed to have the effect which the defendant did not contemplate, the court has, upon that ground only, refused to enforce the agreement. * * * In the first three cases the plaintiff was the author of the ambiguity, but in the last the vendor, the author of the ambiguity, had the benefit of the principle, although it was certain that the purchaser supposed he was paying all he claimed. The principle is that it is against good conscience for one to take advantage of the mistake of another, or at least a court of equity will not assist him in doing so."

In Tamplain v. James, 15 Ch. Div. 217, it was said that a court of equity will refuse specific performance of an agreement when the defendant has entered into it under a mistake, where injustice would be done to him were performance to be enforced, or where from ambiguity of the agreement different meanings have been given to it by different parties. But it was held as the mistake arose entirely from the defendant's own negligence in failing to take reasonable care he cannot be relieved.

And in Preston v. Luck, 27 Ch. Div. 497, the court said:

"It may be a good defense to a suit for specific performance according to its terms that the defendant did not understand it according to what the court holds to be its true construction."

In 36 Cyc. 605, the doctrine is thus stated:

"Unilateral mistake of defendant not caused or contributed to by the plaintiff has frequently been admitted as a defense when to enforce the contract would be harsh and unreasonable or 'highly unreasonable.' But a mistake which was solely the result of defendant's inexcusable carelessness is not a defense to the suit."

It is true that there is no ambiguity in the wording of the contract here in question, that the contract was made with reference to the provisions of a legal statute, or, in other words, the parties to it knew of such provisions and took cognizance of the assessment made pursuant thereto, and the intention of the parties is to be derived from both the contract and statute. The defendant's construction and understanding of the legal effect of such provisions was reasonable and excusable, if not justifiable, and therefore it would be inequitable and harsh to the defendant for the court to adopt the plaintiff's interpretation and enforce the contract accordingly. The plaintiff is bound to show that the specific performance of the contract would be equitable and a just remedy. The defendant is not obliged to plead considerations which will render such relief inequitable. Miles v. Donner Furnace & Iron Co., 125 N. Y. 294, 26 N. E. 261.

My conclusion therefore is that all the plaintiff is equitably entitled to is a decree that she shall have returned to her the sum of $5,000 that she has paid as a portion of the purchase money, together with $750, being the amount claimed by plaintiff and admitted by defendant in open court to be the sum expended for improvements, if plaintiff shall elect to cancel contract; otherwise complaint dismissed. No costs to either party.

Let judgment be entered accordingly.