## THE CITY OF BUFFALO, Plaintiff, *v.* INTERNATIONAL RAILWAY COMPANY, Defendant.

Supreme Court, Erie County, January 14, 1930.

*Gregory U. Harmon,* Corporation Counsel [*Jeremiah J. Hurley* of counsel], for the plaintiff.

*Killeen & Sweeney,* for the defendant.

HINKLEY, J.   This is an action brought by plaintiff for judgment against defendant:

1. Declaring and determining the obligations of the defendant

as to the removal of the tracks and track structures in Best street, between Elm street and Genesee street, and the repavement of the area in said street occupied by said tracks and track structures.

2. Ordering the defendant to forthwith remove from Best street, between Elm street and Genesee street, all its tracks and track structures.

3. Ordering the defendant to forthwith repave that part of the area in the paved portion of Best street, now occupied by its tracks and two feet outside the outer rails of its tracks.

4. For such other and different relief as may be just and equitable.

Counsel for both parties have treated this as a request for a declaratory judgment, with a demand for further relief. The complaint does not conform to rule 211 of the Rules of Civil Practice, and it may very logically be argued that the demand for a declaration or determination of the defendant's obligation is only incidental to the demand for definite, positive relief, under subdivisions 2 and 3 of the prayer for judgment.

However, the characterization of the pleading or action is not essential to this decision, for the power of the court, on the one hand, to declare and determine the obligations of defendant in a declaratory judgment is unlimited. (Civ. Prac. Act, § 473; *Westchester Mtg. Co.* v. *C. R. & I. R. R. Co.*, 246 N. Y. 194, 199.)

On the other hand, it is fundamental that the court, after a trial in equity, has the undisputed right to determine the obligations of the defendant as a basis for its decision upon the question of whether or not plaintiff is entitled to affirmative, equitable relief.

In the final analysis, therefore, this court must determine whether or not the defendant shall be compelled to remove its tracks and track structures from Best street, between Elm and Genesee streets, and whether or not defendant shall be required to repave that portion of the area in the paved portion of such section of Best street now occupied by its tracks and track structures and two feet outside the outer rails of its tracks.

The defendant International Railway Company and its predecessor in interest have for many years operated a street surface railroad in the city of Buffalo, a part of which railway consisted of an east- and west-bound track on Best street from Elm to Genesee.

On March 7, 1929, the Public Service Commission of the State of New York completed its approval of the declaration of abandonment theretofore adopted by the defendant of that portion of its route involved in this action. This constituted a permanent, final abandonment, and from the time that the cars ceased to operate, at or about the time of such abandonment, the tracks and track

structures of the defendant have remained, and still remain, in that portion of Best street between Elm and Genesee.

This court, in a clearly defined declaratory judgment (135 Misc. 497), Mr. Justice LYTLE presiding, has recently declared and determined that the defendant, under the original franchise and consent, is obliged, upon the removal of its tracks from Walden avenue and Elm street, to repave the portion formerly occupied by its tracks, in a manner to conform to the balance of the street. Walden avenue and Elm street are continuations or extensions of the portion of the route involved in this action. It may be argued that the declaratory judgment of Mr. Justice LYTLE is ineffective, due to the fact that during the pendency of that action the defendant removed its tracks, and the city repaved that portion of the street. Irrespective of that question, the court, in this action, agrees with the previous finding of the court and determines *de novo* the obligation of the defendant. In the event of a permanent abandonment of its route, or any part thereof, and the removal of its tracks, the defendant, under the original franchise and consent, must repave the portion of the street formerly occupied by its tracks in a manner to conform to the pavement of the balance of the street.

The authority for that determination is to be found in subdivision 4 of the original franchise of defendant's predecessor. That subdivision requires defendant to repave and keep in permanent repair the space between the rails and two feet outside so long as such tracks remain in the street. Defendant is also required, under the control of the plaintiff's board of public works, to repave and repair such portion of the street to conform to a change in character of pavement when contemplated by plaintiff, whether plaintiff has actually repaved or not. Defendant is likewise required to repave and put in good condition and repair any street from which its tracks may be removed after ceasing to operate its railroad in any such street or any part thereof.

The tracks of the defendant now remain in that portion of the street involved in this action and the street has not been repaved. Therefore, no claim can be made that the findings herein are academic, nor that the judgment thereon in that respect is ineffective.

A unique situation now confronts the court sitting in equity. The defendant has permanently abandoned its railway in Best street and permanently discontinued the operation of its cars along that route; the tracks and track structures remain in the street; the city has determined that the entire street needs repavement; the defendant has notified the plaintiff that it will remove its tracks if and when notified by the plaintiff that the street is

to be immediately repaved; defendant's counsel restated that offer upon the trial; the court has determined, and here determines, that upon such removal the defendant must repave the portion formerly occupied by its tracks and track structures; tracks of a railway in any street are an impairment to vehicular traffic and a danger in wet and slippery weather, as compared with a street free from tracks. Upon that state of facts this court of equity can and must require defendant to remove its tracks and track structures forthwith, even in the absence of any specifically stated obligation in defendant's franchise to so act, together with the further requirement on the part of defendant to repave that portion.

The defendant has contended, and still contends, that under the franchise it is required to repair only in the event and to the extent of damage by it to the pavement in the removal of its tracks. That claim overlooks the word " repave " and other obligations of the franchise. That claim has been and is herewith held unsound.

Defendant's counsel have contended that a judicial requirement that defendant remove its tracks would place upon it an obligation that it would not otherwise incur. That is a fiction based upon a finding contrary to the law as herein determined. By action of the court, the obligation of the defendant to repave will be accelerated, but that obligation was created by the franchise and becomes effective when the tracks are removed by defendant acting either voluntarily or involuntarily.

Defendant contends that plaintiff has an adequate remedy at law in the event that the court should determine, as it has, that defendant has breached its contract; that at the time of such breach the damages become fixed; that to complete an action at law plaintiff would not be required to tear up the tracks and repave, although in that way the amount of the damage might be more easily determined.

The defendant might be the first to question the right of the plaintiff to interfere with and remove the tracks and track structures which are the property of the defendant. We are thus confronted by a situation where the remedy at law is not plain and adequate, nor as certain, prompt, complete and efficient to attain the ends of justice and its prompt administration as the remedy in equity. (*Dailey* v. *City of N. Y.*, 170 App. Div. 267, 274; *Lang's Creamery, Inc.*, v. *City of Niagara Falls*, 224 id. 483, 485.)

The complaint sets forth and the plaintiff proved upon the trial acts which constituted the breach by defendant of its contract. The plaintiff set forth the specific acts which it demanded defendant perform, and is entitled to that relief, even though there had existed an adequate remedy at law. For the right to specific performance

rests in judicial discretion and may be granted or withheld upon a consideration of all the circumstances. (*Miles* v. *Dover*, 125 N. Y. 294.)

The court has already indicated the reasons which demand the exercise of its discretion in granting to plaintiff the specific relief asked for in its complaint.

Judgment may be entered in accordance herewith in favor of plaintiff and against the defendants, with costs.