PAULUS MARGRAF, Appellant, *v.* MARGARET MUIR, Respondent.

Specific performance of a contract for the sale of lands will not be decreed in cases of fraud or mistake, or of hard and unconscionable bargains, or where the decree would produce injustice or would be inequitable under all the circumstances.

Defendant contracted to sell and convey certain premises to plaintiff for $800. In consequence of a recent rise in value it was worth $2,000. The property had been sold at a tax sale for a municipal assessment and a lease given. These facts were known to plaintiff, but unknown to defendant at the time of executing the contract. Defendant had a dower right only in the property, the title being in her children, of whom three were infants. This was known to plaintiff. In an action for breach of the contract the trial court allowed as damages the difference between the value of the land and the contract price. *Held*, error; that as an order giving authority to convey the land could not be obtained without practicing an imposition upon the court, which plaintiff may be presumed to have known, and as defendant was ignorant of the tax title, no blame could be imputed to her for non-performance, and that merely nominal damages, together with the sum paid by plaintiff upon the contract, could be recovered.

*Pumpelly* v. *Phelps* (40 N. Y., 60) distinguished.

(Argued October 2, 1873; decided January term, 1874.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, reversing a judgment in favor of plaintiff, entered upon the report of a referee and granting a new trial.

This action was against the vendor for specific performance of a contract to convey a lot of land, situate in Westchester county, and for damages for breach of the contract in case it could not be specifically performed.

The defendant is the widow of Alexander Muir, who died intestate in 1858, seized of a lot of land in Westchester county. He left six children, three of whom were yet minors, when the contract in question was made. The defendant, with her children, resided in Brooklyn, and the plaintiff resided in Westchester county, near the lot in question. She did not know what the lot was worth, but he knew it was worth $2,000 in consequence of its recent rise in value. This knowledge he concealed from the defendant and contracted with her to purchase it for $800. She contracted in her own name, expecting that those of her children who were of age would unite with her in the conveyance, and that she could get from the court the right to convey on behalf of her minor children. Before the making of the contract the lot had been sold for taxes, and a lease thereof given in pursuance of such sale. At the time of making the contract, the plaintiff knew that the lot belonged to defendant's children and that proceedings would have to be taken in some court to give her the right to convey; and, he also knew, that the land had been sold for taxes, and this latter fact she did not know. The referee found that the lot was worth $2,000. And ordered judgment for the plaintiff for $1,200, the difference between the contract price and the value of the lot. Further facts appear in the opinion.

*John Flanders* for the appellant. Plaintiff was entitled to recover as damages $1,200, the difference between the contract price and the value of the property at the time of the breach. (*Pumpelly* v. *Phelps*, 40 N. Y., 59.) The contract

was made by defendant individually, and she is personally liable for its breach. (*Moss* v. *Livingstone*, 4 Comst., 208 ; *De Witt* v. *Watton*, 5 Seld., 570 ; *Bush* v. *Cole*, 28 N. Y., 261.) The action is proper in form. (*Stevenson* v. *Buxton*, 25 Abb., 352 ; 40 N. Y., 59.) A court of equity will give damages, in lieu of specific performance, where the party is unable to perform. (5 Abb. Dig., 75, §§ 125–127 ; 123, p. 74.)

Samuel *J. Glassey* for the respondent. Plaintiff cannot now recover for the consequences of his own false and fraudulent representations. (*Lamoreaux* v. *Vischer*, 2 N. Y., 278 ; *Bascomb* v. *Beckwith*, 38 L. J. [N. S.], 536 ; *Marquaud* v. *Beckwith*, 37 id., 830 ; *Earl of Durham* v. *Sir F. Ligard*, 34 id., 589.) Plaintiff knew defendant had no title when the contract was made, and, therefore, cannot maintain an action for its breach. (*Craddock* v. *Shirley*, 3 A. K. Marsh, 288.) Even if defendant had the power to convey, the court would not compel her to do so under the circumstances. (*Stephenson* v. *Baxter*, 15 Abb., 325 ; *Cuff* v. *Dorland*, 50 Barb., 438 ; 55 id., 496 ; *Gale* v. *Archer*, 44 id., 320 ; 2 Lead. Cas. in Eq., part 2, p. 25 ; *Denny* v. *Hancock*, Lond. L. J., January, 1871.) The measure of damages upon failure of the vendor to convey is the consideration paid, except where the refusal is willful and the vendor is guilty of bad faith. (*Fleaureau* v. *Thornhill*, 2 W. Bl., 1078 ; *Walker* v. *Moore*, 10 B. & C., 416 ; *Hopkins* v. *Grazebrook*, 6 id., 416 ; *Wild* v. *Fort*, 4 Taunt., 334 ; *Thompson* v. *Todd*, 1 Pet., 380 ; *Staats* v. *Ten Eyck*, 3 Cai., 111 ; *Pitcher* v. *Livingston*, 4 J. R., 1 ; *Calkins* v. *Harris*, 9 id., 324 ; *Baldwin* v. *Nunn*, 2 Wend., 399 ; *Dimmick* v. *Lockwood*, 10 id., 142 ; *Baxter* v. *Ryers*, 13 Barb., 281 ; *Fletcher* v. *Button*, 6 id., 646 ; *Peters* v. *McKeon*, 4 Den., 546 ; *Conger* v. *Weaver*, 20 N. Y., 140 ; *Bush* v. *Cole*, 28 id., 261.) The new arrangement between Thomas and Van Pelt was a valid rescission of the contract, although made by parol. (*Delacroix* v. *Bulkley*, 13 Wend., 71 ; *Friess* v. *Ryder*, 24 N. Y., 367 ; *Arnoux* v. *Homans*, 25 How., 427.)

A sale of the infants' interest would not have been authorized, except by practising an imposition upon the court. (*Overseers of Bridgewater* v. *Brookfield*, 3 Cow., 299; *Herrick* v. *Grow*, 5 Wend., 579.)

EARL, C. This was an unconscionable contract and could not be specifically enforced on the ground of the inadequacy of· the consideration. The plaintiff lived near the lot and knew its value. The defendant lived at a distance and did not know its value. While the plaintiff did not make any mis-representations, he concealed his knowledge of the recent rise in value of the lot and took advantage of her ignorance, and thus, got from her a contract to convey to him the lot for but a little more than one-third of its value. Such a contract, it is believed, has never yet been enforced in a court of equity in this country. When a contract for the sale of lands is fair and just and free from legal objection, it is a matter of course for courts of equity to specifically enforce it. But they will not decree specific performance in cases of fraud or mistake, or of hard and unconscionable bargains, or when the decree would produce injustice, or when such a decree would be inequitable under all the circumstances. (2 Story's Eq. J., § 769; Willard Eq. J., 262; *Osgood* v. *Franklin*, 2 John. Ch., 1; S. C., 14 John., 527; *Seymour* v. *Delancey*, 6 J. Ch., 222; S. C., 3 Cow., 531.)

Formerly, in case courts of equity refused specific perform-ance on the ground of mere inadequacy of consideration, the party claiming performance still had his remedy by a new action in the courts of law for damages for the breach of con-tract, and, in such courts, mere inadequacy of consideration, not so great as to be evidence of fraud, was never a defence. Hence, if this action had been brought before the Code in the Court of Chancery, the equity of the bill being denied, jurisdiction of the action would not have been retained to award such damages for a breach of the contract as could be recovered in a court of law. But the plaintiff would have been obliged to commence a new action at law to recover his

damages. This practice has, however, been changed by the Code; and, now, equitable and legal jurisdiction being united in the same court, a party can unite in the same complaint both legal and equitable causes of action arising out of the same transaction. (Code, § 167.) I suppose, it is perfectly competent for a party to set forth in his complaint a cause of action for specific performance of a contract to convey land, and, also, a cause of action for damages for breach of the contract, in case for any reason it cannot be performed. If, upon the trial, it turns out that for any reason the equitable relief cannot be granted, the plaintiff can yet recover his damages if he be entitled to any. (*Barlow* v. *Scott*, 24 N. Y., 40; *Bradley* v. *Aldrich*, 40 id., 504; *Pumpelly* v. *Phelps*, 40 id., 59.)

In this case the referee denied the equitable relief, but awarded damages for the breach of the contract, and in this he did not err, provided he adopted the proper rule of damage. The referee allowed the plaintiff as damages the difference between the contract price and the value of the land, thus placing him in the position he would have been if the contract had been performed. In this, I think, he erred. The general rule, in this State, in the case of executory contracts for the sale of land, is that, in the case of breach by the vendor, the vendee can recover only nominal damages, unless he has paid part of the purchase-money, in which case, he can also recover such purchase-money and interest. (*Mack* v. *Patchin*, 42 N. Y., 167; *Bush* v. *Cole*, 28 id., 261; *Pumpelly* v. *Phelps*, 40 id., 60. See, also, *Lock* v. *Furze*, 1 Law Rep. [Com. Pleas], 441; *Engle* v. *Fitch*, 3 Law Rep. [Q. B.], 314.) But to this rule there are some exceptions based upon the wrongful conduct of the vendor, as if he is guilty of fraud or can convey, but will not either from perverseness or to secure a better bargain, or, if he has covenanted to convey when he knew he had no authority to contract to convey; or, where it is in his power to remedy a defect in his title and he refuses or neglects to do so, or when he refuses to incur such reasonable expenses as would enable

him to fulfill his contract. In all such cases, the vendor is liable to the vendee for the loss of the bargain, under rules analogous to those applied in the sale of personal property. Here no fraud was perpetrated on the vendee. He knew that the vendor did not have title to the land, and that she could not convey to him without authority from some court; and he knowing that the land was worth $2,000, may be presumed to have known that no authority could be obtained to convey the land for $800, without, in some way, practicing an imposition upon the court. This latter knowledge she did not have. Believing, as she did, that $800 was a fair price for the land, she had no reason to doubt that she could obtain authority to convey. Further than this, he knew that the land had been sold for taxes and a lease given. This she did not know. Under these circumstances, she could not get authority from the court to make a conveyance upon behalf of her minor children, and it appears that she could not procure the tax title. Hence, there is no ground for imputing to her any blame for not making such a conveyance as her contract called for. These facts do not call for the application of an exceptional rule of damages in this case.

The case of *Pumpelly* v. *Phelps* (*supra*), is the widest departure from the general rule of damages in such case that is to be found in the books. In that case it was held, that where the vendor, in an executory contract for the conveyance of land, knew at the time he made the contract that he had no title, although he acted in good faith believing that he could procure and give the purchaser a good title, he was yet liable for the difference between the contract price and the value of the land. But there are two features which distinguish this case from that. In that case, the vendee did not know that the vendor had no title. Here, he did know it, and he knew also, that she could get no title without imposing upon some court. Here also, even if she could have procured the authority of some court to convey, she still would have been unable to give such a title as her contract called for, on account of the

outstanding tax title which was unknown to her when she contracted and which she could not procure.

The plaintiff agreed, subsequently, to the making of the contract, if defendant would abate $100 from the contract price, that he would, at his expense, conduct the proceedings to procure from the court authority to convey, she co-operating with him and would take a conveyance subject to the tax title. This did not alter the position of the parties so as to affect this case. She was in no sense culpable in not co-operating with him in imposing upon some court, and, to shield her from the damages claimed in this case, she was not obliged to allow him anything on account of the tax title. I am, therefore, of opinion that the referee erred in the rule of damages applied. The recovery should have been confined to the purchase-money paid (twenty-five dollars) and the interest thereon.

The General Term did not, therefore, err in reversing the judgment, and its order should be affirmed and judgment absolute ordered against the plaintiff, with costs.

All concur.

Order affirmed and judgment accordingly.