Barker, J.
The defendants, Frank W. and Robert P., by their answer confess, and as witnesses admit that they made a paroi agreement with the plaintiff, by the terms of which they agreed to sell and convey to him their undivided one-half of the premises described in the complaint, and that the purchase money has been paid in full. They seek to justify their refusal to perform their contract on the ground that the plaintiff perpetrated a fraud upon them, and procured their promise to sell and convey by deceit and false representations as to the state of improvement and value of the lands, of which they were both ignorant.
*123 The referee, in his findings of fact, did not pass upon that issue either way, nor was he requested by defendant to do so. On this appeal the court must assume that the referee in fact determined that there was no fraud. The appellants now claim that such a conclusion is against the weight of evidence. There is some evidence set forth in the record upon which to base a finding that there was no fraud perpetrated, as alleged by the defendants, and as it does not appear that the case contains all the evidence upon that issue, this court, upon appeal, cannot review the referee’s conclusion upon that question. Spence v. Chambers, 39 Hun, 193.
The appellants make the further point that the purchase price was grossly inadequate, and that it would be unjust and inequitable to force a specific performance of the agreement, and that the plaintiff should be confined to his common law remedy, allowing him to recover back the money paid under the contract. For the same reason we cannot enter upon an examination of this question, as we are not advised by the record that all evidence bearing upon the question of the value of the premises is before us. If the referee followed the evidence as set forth in the record, giving the lowest valuation of the property, then the difference between the price paid and the value thus estimated would not be so great as to produce such surprise in the judicial mind that a sale was concluded upon the terms admitted.
The evidence on the other side of the question is quite different in its character and probative force, and tends to establish that the defendants must have been wholly unadvised as to the real value of the property, and that the purchaser is demanding of this court the specific performance of a hard and unconscionable bargain. In such cases this court never interferes, and leaves the vendee to his common law remedy. Margraf v. Muir 57 N. Y., 155.
The payment of the purchase money in full upon a paroi contract is not sufficient, standing alone, to secure in a court of equity a decree for its specific performance. The vendee must, in reliance upon the agreement, do some other act of such a nature and character as to make it unjust and inequitable to permit the vendor to set up the statute for the purpose of defeating a performance on his part. Lowry v. Tew, 3 Barb. Ch., 407; 2 Story’s Eq., 761.
At the time this agreement was made, the vendee was the equitable owner of the other undivided half of the property, and there was a mortgage upon the entire premises.
The evidence tends to show that after the paroi agreement was made and the purchase money paid, the vendee went into the possession of the premises, and that, relying upon *124 the contract he entered into with the vendors, he assumed the payment of the bond and mortgage which the holder was then foreclosing. These facts, which appear by the record, if none other existed, were sufficient in equity to estop the vendors from setting up the statute for the purpose of defeating the specific performance of their oral agreement.
In the report, the referee does not find upon these questions, nor allude to the circumstances mentioned, but it is stated in one clause of the report that: “The evidence does not establish any defense to the cause of action alleged in the complaint and proved upon the trial, either specifically alleged in the defendant’s answer or otherwise, and wholly fails to disclose any legal or equitable obstacle to the granting of the relief in the complaint demanded.” Whether this be regarded as a finding of fact or of law, we must assume that the evidence supported the conclusions stated, as it does not appear that we have all the evidence before us. There is, however, no evidence that the respective wives of the vendors were parties to the agreement, nor does the complaint allege or the referee find that they were. The plaintiff, therefore, failed to make a case requiring them to release their inchoate right of dowser, and they may ask for a reversal of the judgment as against them, although the record does not show that all the evidence given on the trial bearing upon the issues in which they are interested is set forth therein. Spence v. Chambers, supra.
The decree requires the defendants, Frank W. and Robert P., to execute and deliver to the plaintiff a deed of the premises; and further, as follows: “In the execution acknowledgment of which the defendants, the respective wives of said defendants, Frank W. and Robert P,, shall join, or otherwise in due form of law, release their inchoate right of dower in the said lands and premises.”
It has been frequently adjudicated, and the rule is well settled in this state, that an inchoate right of dower in lands is a subsisting or valuable claim or interest, possessing a pecuniary value, although there can be no right of enjoyment on the part of the wife during the life of her husband and is not consummated until after his death. Simar v. Canaday, 53 N. Y., 298; Witthaus v. Schack, 24 Hun, 328; Doty v. Baker, 11 id., 222; Steele v. Ward, 30 id., 555.
By the decree the defendants, the respective wives of the vendors are required to convey a valuable interest in the premises, and as they were not parties to the agreement as to them, the judgment is erroneous and should be reversed, in toto, with costs. If the decree is susceptible of the construction that the vendors are required to secure a release *125 of the inchoate right of dower, as a full and complete performance of the judgment on their part, then the same is clearly erroneous in that respect, for it should not require them to procure from a third party the performance of an act over which they have no right of control. Jerome v. Scudder, 2 Robt., 169.
This requirement might induce the defendants to avoid the position of contempt of court. To attempt to procure • or coerce their wives to release their interest in the premises which, as shown by their defense herein, they are not willing to do voluntarily.
The judgment as to the appellants, Mrs. Frank W. Bonny and Mrs. Robert P. Bonny, should be reversed in all respects, with costs.
The judgment as to Frank W. Bonny and Robert P. Bonny should be reversed and a new trial granted before another referee, with costs to abide the event, unless the plaintiff within thirty days stipulates that the judgment may be modified as to them so far as they are required to procure a release from their respective wives of their inchoate right of dower in the premises, and in case such stipulation is made, then the judgment as modified is affirmed, without costs of this appeal to either party.
Smith, Haight and Bradley, JJ., concur.