FREDERICK HOCH, Appellant, *v.* JAMES R. COCKS, Respondent.

*Specific performance of a contract.*

Whether the specific performance of a contract to purchase real estate shall be decreed is largely a matter of discretion with the court, and the rule is to deny an application therefor where to decree specific performance would be inequitable and unjust.

APPEAL by the plaintiff, Frederick Hoch, from a judgment of the Supreme Court in favor of the defendant, entered in the office

of the clerk of the county of Queens on the 3d day of April, 1893, upon the report of a referee dismissing the plaintiff's complaint on the merits.

*George Finck*, for the appellant.

*John P. Kirby*, for the respondent.

PRATT, J.:

This is an appeal from a judgment entered on a report of a referee dismissing a complaint upon its merits. The relief prayed for was a specific performance of an alleged contract for the sale of real estate.

It is conceded by both parties that the defendant cannot give title, as he is not the owner in fee, but only owns an undivided one-half interest in the property.

Whether specific performance shall be decreed is largely a matter of discretion with the court, and the rule is to deny it where such a course would be inequitable and unjust.

In this case it is admitted that the land is worth $2,500, and the claim of the plaintiff is to have it decreed to him for only $500.

I have thus far assumed that there was a valid, legal contract proved for the sale, as claimed by the plaintiff.

The referee, however, has found upon conflicting testimony that no such contract was entered into, and we think this conclusion is supported by the evidence. The vital point is that the minds of the parties never met upon quantity and description of the land in question. This is evident from the price fixed upon and the testimony of the parties. The land was unfenced; no survey was made, and no fixed boundary agreed upon.

The decree below allowed the plaintiff to recover the money he had paid, which was all he could justly do under the facts disclosed. (*Margraf* v. *Muir*, 57 N. Y. 155.)

The judgment should be affirmed, with costs.

BROWN, P. J., and DYKMAN, J., concurred.

Judgment affirmed, with costs.