HENRY BATCHIS, Plaintiff, *v.* MORRIS DLUGASCH, Defendant.

Supreme Court, Kings County, October 5, 1926.

Brokers — real estate brokers — action for commissions — defense that at time contract was made defendant did not own property, is stricken out — said fact is not defense.

Plaintiff's motion, in an action by a real estate broker to recover commissions, to strike out an affirmative defense to the effect that at the time the contract was made the defendant did not own the property in question, is granted, for it is not a defense to the action that the property was not owned by the defendant when he made the contract with the plaintiff to sell the same.

MOTION to strike out affirmative defense under rule 109 of the Rules of Civil Practice.

*Edward Gettinger,* for the plaintiff.

*Allan D. Emil,* for the defendant.

DIKE, J.   An order is here sought, pursuant to rule 109 of the Rules of Civil Practice, to strike out the first affirmative defense contained in the answer, on the ground that the same does not state facts sufficient to constitute a separate and distinct defense to the cause of action.   The action is for broker's commissions for services in procuring a purchaser for the property of the defendant.   The affirmative defense contained in the answer is as follows: " *Third.* That on or about and between the 8th day of June, 1926, and the 20th day of June, 1926, the defendant was not the owner of premises 160 feet by 100 feet located on the northeast corner of Empire Boulevard and Albany avenue, in the Borough of Brooklyn, County of Kings, City and State of New York."   It is sought, therefore, to eliminate from the answer the fact that at the time in question the defendant was not the owner of the property in question and that, therefore, he could not be held liable for broker's commissions.   The motion should be granted.   It is perfectly proper for one to make a contract to sell a piece of property that he does now own if he wishes to take the chance of not being able to deliver a good and sufficient deed at the time set.   A case that counsel in this action may have failed to find is that of *Wamsley* v. *Horton & Co.* (77 Hun, 317), where PARKER, J. (at p. 319) says: " It is a general rule of law that a man may contract for the sale of a specific thing which is not his own at the time. Among the exceptions to the rule are agreements to sell something which, at the time, belongs to the buyer; or property which cannot be the subject of private ownership at all, such as public buildings or a ship in the navy. Performance of such an agreement is impossible, either by law or in itself, and, therefore, it becomes void.   The ground on which it is put is that the impossible nature of the promise shows that there was no real intention of contracting, and, therefore, no real agreement, the usual test being not whether the thing contracted to be done is absolutely impossible, but whether reasonable men, in the position of the parties, must treat it as impossible.   (Pollock on Cont. 378–382.) "   I, therefore, grant the motion, with ten dollars costs.