◼ DIAMOND CENTRAL, INC., Respondent, v. CARL F. GILBERT, Defendant, and GILBERT OF ITHACA, INC., Appellant.

APPEAL from order of the Supreme Court at Special Term, entered April 26, 1960, in New York County, which granted a motion by plaintiff for summary judgment under rule 113 of the Rules of Civil Practice.

*Per Curiam.* Plaintiff sued to recover damages for breach of a written contract for the purchase from appellant of certain real property in Ithaca, New York. Although the contract was made subject to three leases of tenants who were occupying the property, the leases were not appended to the contract; nor did the contract indicate that the tenants under those leases had been granted an option or right of first refusal on a sale of the premises. After the contract was executed, two of the tenants sought to exercise their options and successfully prosecuted an action for specific performance against the owner which resulted in a judgment in their favor on January 16, 1960. Plaintiff, herein, was not made a party to that action.

Since in the face of the judgment obtained by the tenants, appellant could not convey to plaintiff, the instant action was begun to recover damages for the loss of bargain suffered by plaintiff, the loss of interest on funds allegedly held available to close the sale, and the legal fees and other expenses incurred in connection with the contract of sale and the examination of title.

Although there is no triable issue as to the breach of the contract to convey the premises, appellant urges that an issue is presented on plaintiff's claim for damages for loss of bargain based on the charge that appellant knowingly contracted to convey property it had no power to convey. It has been said that where a party contracts to sell property which he knows at the time he has not the power to sell or convey, the vendee may recover for the loss of the bargain. (*Pumpelly* v. *Phelps*, 40 N. Y. 59; *Bulkley* v. *Rouken Glen, Inc.*, 222 App. Div. 570, affd. 248 N. Y. 647.) But as indicated in *Margraf* v. *Muir* (57 N. Y. 155, 160) knowledge on the part of the vendee of the inability to convey title may remove any claim for loss of bargain.

Hence, appellant has raised a triable issue as to the absence of bad faith on its part based on plaintiff's knowledge of the terms of the tenants' leases when the contract was made. Thus, for example, defendant avers that copies of the actual leases were in the hands of the plaintiff in advance of the signing of the contract of sale. The determination of that issue may not be disposed of upon the motion papers or left to the Referee on an assessment of damages as merely an item of damage. Only after a trial can there appropriately be an assessment of the damages claimed as a loss of bargain.

Accordingly, the order entered April 26, 1960, granting plaintiff's motion for summary judgment pursuant to rule 113 of the Rules of Civil Practice as to defendant Gilbert of Ithaca, Inc., and directing an assessment of damages before a Referee, should be reversed on the law and the motion denied, with costs to abide the event.

McNALLY, J. (dissenting). I dissent and vote to affirm.

We are in agreement that there is no triable issue as to the breach of the contract. (*Fruhauf* v. *Bendheim*, 127 N. Y. 587.) The sole issue is the proper measure of damages. The defendant-appellant knowingly entered into the contract for the sale of the real property with the knowledge that it could not perform without the consent of the lessees having the options of first refusal. Plaintiff, therefore, may recover for the loss of its bargain. (*Pumpelly* v. *Phelps*, 40 N. Y. 59; *Mack* v. *Patchin*, 42 N. Y. 167; *Bulkley* v. *Rouken Glen*,

*Inc.*, 222 App. Div. 570, affd. 248 N. Y. 647.) Assuming plaintiff's knowledge of the terms of the leases, it is irrelevant on the measure of damages. (*Marsh v. Johnston,* 125 App. Div. 597.) *Margraf* v. *Muir* (57 N. Y. 155) denied the vendee the loss of his bargain because the vendor was without knowledge of an outstanding tax lien and the inadequacy of the price in respect of a sale requiring court approval because of the interest of minor children in the property. In *Margraf* the vendor's lack of knowledge demonstrated her good faith, which served to preclude recovery by the vendee of the loss of his bargain; the vendee's knowledge of the facts unknown to the vendor emphasized the inequity of his claim.

Moreover, no facts are alleged evidencing knowledge of the tenants' options on the part of the plaintiff. The affidavit of defendant-appellant's president stating, in part " to my knowledge copies of the actual leases were in the hands of the plaintiff prior to the execution of the contract and it was fully aware of the existence of such clauses in the leases, or, if not, was on notice of the terms contained in them " is conclusory. In any event, it is not claimed that plaintiff was apprised at the time of contract of the facts on which defendant-appellant relied in assuming the tenants would not exercise the options.

Botein, P. J., Breitel, Valente and Stevens, JJ., concur in *Per Curiam* opinion; McNally, J., dissents and votes to affirm in opinion.

Order entered on April 26, 1960, granting plaintiff's motion for summary judgment pursuant to rule 113 of the Rules of Civil Practice as to defendant Gilbert of Ithaca, Inc., and directing an assessment of damages before a Referee, reversed on the law and the motion denied, with costs to abide the event.