Edgab J. Nathan", Jb,, J.
This action for rescission of two contracts for the purchase of realty was submitted on an agreed statement of facts. The substance of this statement follows:
The contracts were entered into on April 17, 1961. The sum of $1,500 was paid on account by the purchaser for each parcel. Both parties were represented by counsel. The specified closing date was June 15, 1961. On May 11, a letter was sent to the sellers on the purchaser’s behalf informing them that the purchaser was no longer interested in purchasing the properties, and wished to withdraw from the transactions. Return of the $3,000 paid on deposit was also requested. The purchaser failed to attend the scheduled closings.
In refusing to proceed under the agreements the purchaser contends that these instruments were invalid because of failure of consideration and lack of mutuality. His claim is based on the following provisions of the agreements:
“ The seller has informed the purchaser that it is not at the date of this agreement, the owner of the premises described and agreed to be sold pursuant hereto, but that it has a contract to purchase the same.
“ The seller agrees to convey title pursuant hereto and the purchaser agrees to accept same only, when, as and if the seller actually receives title to the said premises pursuant to this contract. In the event that for any reason whatsoever, other than the willful default of the seller, the seller is unable to perform this contract, the seller shall cause the return to the purchaser of the sum of $1500, paid as deposit hereunder, and upon the payment of such sum, this agreement shall [be] and become cancelled and neither party shall be under any obligation or liability to the other because of this agreement.
“ It is understood and agreed that the seller may or may not acquire title to the premises. If the seller does not acquire title then and in that event upon payment of all monies to be paid by the purchaser under this contract, the purchaser shall acquire title directly from the seller’s vendor, and the seller herein shall assign to the purchaser all his right, title and interest in and to *584 its contract of sale, and direct that the Deed to the premises be made, executed and delivered to the purchaser or assigns, and the purchaser or assigns herein agree to execute the purchase money mortgage hereinbefore referred to and agree to pay all expenses in connection with its execution as hereinbefore stated.”
The fact that the sellers herein did not have title to the premises, did not bar them from entering into a contract for their sale, so long as they themselves had a contract for the purchase of the properties (see 1 Warren’s Weed, New York Law of Real Property, §§ 14.02,14.03, p. 674; Pear sen v. Lemken, 34 Misc 2d 636). The sellers’ lack of title at the time of the agreement was fully disclosed. Furthermore, the contracts here involved contain the following provision: “ The seller agrees to convey title pursuant hereto and the purchaser agrees to accept same only, when, as and if the seller actually receives title to the said premises pursuant to this contract” (meaning the sellers ’ contract with its vendor). There was, therefore, no legal basis for the purchaser to repudiate the contract until such time as it was clear that the sellers could not or would not effect performance.
Purchasers further contend that the inclusion of the clause which states that title may be passed directly by the sellers’ vendor in the event the sellers do not acquire title, invalidates the agreement on the ground there can be no privity with unascertained vendors is specious. There is no basis for this contention. Reliance on Zilmaur Realty Corp. v. Pinkney (208 App. Div. 467) for the proposition that a contract is void and unenforcible for lack of mutuality where the name of the purchaser is undisclosed and does not appear in the alleged contract, is misplaced. Assuming that this rule would apply to allegedly undisclosed vendors, the fact that the sellers’ vendor was not .specifically named in these agreements does not mean that it could not be ascertained. Even if the purchaser here was not given the opportunity to inspect the original contracts of sale referred to in the agreements here involved, the actual ownership of the premises is a matter of record, and the “ seller’s vendor ” could have been readily ascertained.
Accordingly, on the facts herein stipulated, the court finds that there was no ground for rescission. Judgment is therefore awarded to the defendants dismissing the complaint.