■ MILTON KESSLER et al., as Assignees for the Benefit of Creditors of ARGENE BUILDING CORP., Respondents, v. JOSEPH RAE, Appellant.— In an action by a vendee's assignees to recover damages for breach of a contract to sell real property, defendant appeals from a judgment of the Supreme Court, Kings County, entered June 7, 1971, in favor of plaintiffs, after a nonjury trial. Judg-

ment reversed, on the law and the facts, and new trial granted, with costs to abide the event. In our opinion, reversible error was committed by barring the defendant vendor from testifying about precontract communications between him and the corporate vendee's president or attorney concerning the state of defendant's title. If a vendee knows of the inability of his vendor to convey the title he has undertaken to convey, the vendee's damages are not measureable by the loss of his bargain (*Margraf* v. *Muir*, 57 N. Y. 155; *Diamond Cent.* v. *Gilbert*, 13 A D 2d 931). Further, there is no lawful evidentiary basis for the trial court's finding that defendant, prior to the execution of the contract of sale, failed to disclose to the corporate vendee that he did not have title to one of the lots in the parcel he had undertaken to convey. The only sources for that finding are postcontract letters of the corporate vendee's attorney to defendant's attorney containing inadmissible hearsay statements by the former concerning defendant's alleged failure to disclose to the corporate vendee his incomplete title. Last, it was error to prohibit defendant from impeaching plaintiff Kessler as a witness by inquiring into whether Kessler was a plaintiff in another pending action against defendant. Hopkins, Acting P. J., Munder, Martuscello, Gulotta and Brennan, JJ., concur.