■ HENRY A. GRASSI, JR., et al., Appellants-Respondents, v TATAVITO HOMES, INC., et al., Defendants; JOHN A. PORCO, Appellant, and HOWARD F. STOCKFIELD, Respondent. — In an action to recover damages, *inter alia,* for legal malpractice, (1) plaintiffs appeal from an order of the Supreme Court, Westchester County (Walsh, J.), dated December 29, 1980, which granted defendant attorney Howard F. Stockfield's motion to dismiss the second cause of action and portions of the fourth cause of action as against him, and (2) defendant attorney John A. Porco appeals from so much of a further order of the same court (Gurahian, J.), entered March 24, 1981, as denied his motion for summary judgment dismissing the first and second causes of action as against him. Order dated December 29, 1980 reversed and order entered March 24, 1981 reversed, insofar as appealed from, on the law, with separate bills of $50 costs and disbursements for each appeal, defendant Stockfield's motion to dismiss is denied and defendant Porco's motion for summary judgment is granted. Plaintiffs brought this action as frustrated purchasers and developers of several parcels of real property. They accused the defendant vendors (in the first cause of action) and the vendors' attorney, Porco (in the first and second causes of action) of misrepresenting certain facts concerning title. They accused their own former counsel, Stockfield (in the second cause of action) of malpractice in failing to ascertain title and (in the fourth cause) of malpractice in handling the contract negotiations and subsequent litigation. With respect to Stockfield's motion to dismiss the complaint as to him on the ground it was

time barred, Special Term erred in failing to apply the doctrine of continuous representation. The record shows that defendant Stockfield had represented the plaintiffs in the negotiating of the contract of sale in May, 1976 and had continued to represent them in the ensuing litigation until November, 1978. Hence, the commencement of this action in 1980 with respect to the series of that defendant's alleged acts and omissions arising out of the 1976 contract negotiations was timely. (See *Greene v Greene,* 56 NY2d 86; *Citibank [N. Y. State] v Suthers,* 68 AD2d 790; *Grago v Robertson,* 49 AD2d 645; *Siegel v Kranis,* 29 AD2d 477.) With respect to defendant Porco's motion for summary judgment, Special Term erred in ruling that plaintiffs had made out a cause of action in fraud or negligence. There was no duty of ordinary care owed plaintiffs by defendant Porco in his role as counsel for the defendant vendors; absent privity between plaintiffs and Porco, the latter is not liable for simple negligence (see *Singer v Whitman & Ransom,* 83 AD2d 862). Nor do the allegations in the verified complaint or in the affirmation by plaintiffs' counsel in opposition to the motion make out a case in fraud or other wrongdoing. In May, 1976 defendant Porco allegedly drafted a contract of sale and, according to paragraph 15 of the amended complaint, he represented that the vendors owned the property and had title insurance when, in fact, as plaintiffs learned in July, 1976 from the building department of the municipality, others were on record as owning the property. However, the complaint noted that these other owners had signed a deed to convey the property to the defendant vendors in June, 1976 and the deed was being held in escrow until August, 1976, when Porco made the necessary payment (from his own funds, allegedly) to release the deed. Furthermore, plaintiffs' counsel's affirmation in opposition to the motion and plaintiffs' brief on Porco's appeal undercut the misrepresentation claim by specifying that Porco misled plaintiffs merely by saying "arrangements were then being made for the purchase of title insurance" and by tendering the proposed contract of sale with its "implied warranty" that the defendant vendors had title to convey. What plaintiffs complain of is that *they* drew an inference of good title as of the time of entering into the contract in June, 1976. No such inference could reasonably have been drawn, however. An implied warranty of good title imposes no obligation on the vendor *until* the law day and, accordingly, is no bar to a short sale such as that involved in this case (see *Wallach v Riverside Bank,* 206 NY 434, 437; *Burwell v Jackson,* 9 NY 535, 540-544; *Wamsley v Horton & Co.,* 77 Hun 317; *Scriven v Abrams,* 38 Misc 2d 582; *Batchis v Dlugasch,* 128 Misc 148, 149; 8A Thompson, Real Property [1963 repl], § 4440, pp 244-245; 1A Warren's Weed, New York Real Property [4th ed], Contracts, § 14.01, p 95; cf. *Brown v Haff,* 5 Paige ch 235, 241). That there is no title in the vendor in a short sale to which the buyer's equitable lien might attach (see *Elterman v Hyman,* 192 NY 113) appears to be of no moment. Upon the breach of a contract for the sale of real property, as a conditional contract, the buyer's right on law day is not limited to rescission if good title is not passed, but includes loss-of-bargain damages as well (see *Burwell v Jackson, supra,* p 543; *Leggett v Mutual Life Ins. Co. of N. Y.,* 53 NY 394, 399; *Telmark, Inc. v Ayers,* 80 AD2d 698; *Kessler v Rae,* 40 AD2d 708; *Diamond Cent. v Gilbert,* 13 AD2d 931; *Elliott v Asiel,* 120 App Div 829). Here plaintiffs closed and they cannot hold defendant Porco legally responsible for alleged delays caused *prior* to closing by the reluctance of local government officials to process permit applications on the ground that their records failed to show either the plaintiffs or defendant vendors as owners. Nor do plaintiffs allege any other injury cognizable in law or equity. Accordingly, defendant Porco's motion for summary judgment should have been granted. Titone, J. P., Lazer, O'Connor and Rubin, JJ., concur.