■ Marcella Jiminez et al., Respondents, v Nazer Hussain Shahid et al., Defendants, Jermaine Stevens, Respondent, and Drenis Properties, LLC, Appellant. [922 NYS2d 123]—

In an action to recover damages for personal injuries, etc., the defendant Drenis Properties, LLC, appeals from an order of the Supreme Court, Kings County (Lewis, J.), dated June 4, 2010, which denied its motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint and any cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Drenis Properties, LLC, pursuant to CPLR 3211 (a) (7) to dismiss the complaint and any cross claims insofar as asserted against it is granted.

The plaintiff Marcella Jiminez and her son, the plaintiff Justin Abundiz, allegedly sustained injuries when the defendant Nazar Hussain Shahid lost control of his motor vehicle, which mounted the sidewalk, and struck them as they were standing on the front steps of a building owned by the defendant Drenis Properties, LLC (hereinafter Drenis). Abundiz allegedly tried to enter the building to escape the oncoming vehicle, but he was unable to open the door in time because it was "poorly maintained" and "unreasonably difficult to open."

In considering a motion to dismiss pursuant to CPLR 3211 (a) (7), the court should "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *see Vitarelle v Vitarelle*, 65 AD3d 1034 [2009]). Applying this standard, the plaintiffs have failed to set forth a cognizable cause of action to recover damages for negligence against Drenis.

The elements of a common-law negligence cause of action are a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately resulting therefrom (*see Prescott v Newsday, Inc.*, 150 AD2d 541, 542 [1989]). Here, the plaintiffs failed to sufficiently allege any valid basis for the imposition of a duty of care on behalf of Drenis to safeguard against the risk that a car would mount the sidewalk and strike a pedestrian (*cf. Rodriguez v Hernandez*, 37 AD3d 809, 810 [2007]; *Grandy v Bavaro*, 134 AD2d 957, 958 [1987]).

Accordingly, the Supreme Court should have granted Drenis's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint and any cross claims insofar as asserted against it. Mastro, J.P., Skelos, Leventhal and Roman, JJ., concur.