# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**141**

**CA 12-00494**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, WHALEN, AND MARTOCHE, JJ.

---

S. SHANE KHANJANI, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

NORMAN SCHREIBER, DEFENDANT-RESPONDENT.

---

LAW OFFICE OF RALPH C. LORIGO, WEST SENECA (RALPH C. LORIGO OF COUNSEL), FOR PLAINTIFF-APPELLANT.

COSGROVE LAW FIRM, BUFFALO (J. MICHAEL LENNON OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (John A. Michalek, J.), entered October 24, 2011. The judgment awarded the plaintiff money damages as against defendant.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: The parties entered into a contract pursuant to which defendant was to sell a parcel of real property to plaintiff, but the sale was never completed. Plaintiff thereafter commenced this breach of contract action seeking, inter alia, loss-of-bargain damages. Plaintiff appeals from a judgment entered upon a jury verdict that, among other things, awarded damages to him based upon a finding that defendant had breached the contract. We reject the contention of plaintiff that Supreme Court erred in instructing the jury with respect to loss-of-bargain damages.

Among the terms of the contract was a provision stating that "[i]t is the understanding of the parties that at the present time, seller is not in title to the property. Seller is a first mortgage holder and the mortgage is in default. In the event that the title holder does not agree to signing over a deed in lieu of foreclosure, the seller will institute a foreclosure proceeding with the courts. Seller shall be able to provide good and clear title in accordance with this contract." Defendant was unable to provide "good and clear" title to the property because he could not procure a foreclosure deed and a nonparty tenant outbid him at the foreclosure sale.

At the conclusion of the trial, plaintiff asked the court to instruct the jury that plaintiff may recover loss-of-bargain damages where a vendor contracts to sell a parcel of property to which he or she does not then hold title, even in the absence of bad faith on the

part of the seller.  Contrary to plaintiff's contention, the court properly denied his request.  It is well settled that "[t]he vendee in a contract for the sale of land is not ordinarily entitled, upon breach, on failure to convey, to recover of the vendor damages measured by the goodness of his bargain or the financial benefit which would result from performance, and it is only when the vendor is for some reason chargeable with bad faith in the matter that recovery beyond nominal damages on that account can be had" (*Northridge v Moore*, 118 NY 419, 422).  Thus, "[i]f a vendee knows of the inability of his vendor to convey the title he has undertaken to convey, the vendee's damages are not measurable by the loss of his bargain" (*Kessler v Rae*, 40 AD2d 708, 709; *see Diamond Cent. v Gilbert*, 13 AD2d 931, 931; *see generally Margraf v Muir*, 57 NY 155, 159-160).  Here, inasmuch as the contract unequivocally provided that the seller did not have title to the property at the time the parties entered into the agreement, the court properly refused to give plaintiff's requested instruction on loss-of-bargain damages.

Entered:  March 15, 2013                      Frances E. Cafarell
                                              Clerk of the Court