Britton v Riley-Fann (2019 NY Slip Op 02454)





Britton v Riley-Fann


2019 NY Slip Op 02454


Decided on April 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2019

Sweeny, J.P., Manzanet-Daniels, Kern, Singh, JJ.


300443/17 8846 8845 28361/17E

[*1]Jose Britton, Plaintiff-Appellant,
v
Felicia Riley-Fann, et al., Defendants, Starrett City, Inc, et al., Defendants-Respondents.
Jose Britton, Plaintiff-Appellant,
v
Starrett Corporation, et al., Defendants-Respondents.


Greenberg & Stein, P.C., New York (Ian Asch of counsel), for appellant.
Brody & Branch LLP, New York (Mary Ellen O'Brien of counsel), for respondents.



Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered on or about April 5, 2018, which, insofar as appealed from as limited by the briefs, granted defendants Starrett City, Inc., Starrett Preservation, LLC, and Starrett City Associates, L.P.'s motion to dismiss the complaint as against them, unanimously affirmed, without costs. Order, same court (Mary Ann Brigantti, J.), entered April 12, 2018, which, insofar as appealed from as limited by the briefs, granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.
Both complaints allege that plaintiff's injuries were caused by a motor vehicle whose driver, defendant Anthony Britton, negligently and recklessly caused it to jump the curb and strike plaintiff, who was standing on the sidewalk in front of certain premises. The complaints further allege that the Starrett defendants and the Grenadier defendants negligently owned, controlled, managed, maintained and/or repaired the premises, including the driveway in front of the premises. Construing the allegations liberally in plaintiff's favor, the complaint fails to state a cause of action for negligence against these defendants, because it does not allege a basis for imposing a duty of care on them to take preventive action against the unforeseeable risk that a vehicle will mount the sidewalk and strike a pedestrian (see Jiminez v Shahid, 83 AD3d 900, 901 [2d Dept 2011], lv denied 18 NY3d 807 [2012]; see also Green v Himon, 165 AD3d 590, 591 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 2, 2019
CLERK