Wenig Saltiel, LLP, Appellant,
against
Specialized Loan Servicing, LLC and Deutsche Bank National Trust Company as Trustee for GSAA Home Equity Trust 2005-4, Respondents, and Assurant Field Asset Services, Also Known as Field Asset Services, LLC, Defendant.




Wenig Saltiel, LLP (Jeffrey L. Saltiel of counsel), for appellant.
Knuckles, Komosinski & Elliot, LLP (Loretta Carty of counsel), for respondents.
Braff, Harris, Sukoneck & Maloof, for defendant (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Richmond County (Philip S. Straniere, J.), entered September 14, 2016. The order, insofar as appealed from, upon reargument, adhered to a prior determination in an order of that court entered March 4, 2016 granting a motion by defendants Specialized Loan Servicing, LLC and Deutsche Bank National Trust Company as Trustee for GSAA Home Equity Trust 2005-4 to dismiss so much of the complaint as was asserted against them.




ORDERED that the order entered September 14, 2016, insofar as appealed from, is affirmed, without costs.
The complaint in this action alleges, among other things, that plaintiff purchased real property from defendant Specialized Loan Servicing, LLC (SLS), which was acting as an agent for defendant Deutsche Bank National Trust Company as Trustee for GSAA Home Equity Trust 2005-4 (Deutsche Bank). The contract contains a merger clause and a statement that the premises was being sold "as is." Insofar as is relevant to this appeal, as a first cause of action, the complaint alleges that SLS and Deutsche Bank committed a fraud against plaintiff by making a false representation that the property was "properly winterized," and that plaintiff relied on that representation to its detriment. As a third cause of action, the complaint alleges that SLS and Deutsche Bank were negligent in failing to "hire a competent company to perform the [*2]winterization process." As a fourth cause of action, the complaint alleges that SLS and Deutsche Bank violated Insurance Law § 2502 (a) (2) by requiring plaintiff to obtain title insurance from a specific title insurer as a condition of the sale of the property. SLS and Deutsche Bank moved to dismiss the foregoing causes of action pursuant to CPLR 3211 (a) (1) and (7). By order entered March 4, 2016, the Civil Court granted the motion. Plaintiff appeals from so much of an order entered September 14, 2016, as, upon reargument, adhered to the court's prior determination dismissing the causes of action asserted against SLS and Deutsche Bank. 
At the outset, we note that, at oral argument, plaintiff's counsel, Mr. Saltiel, conceded that, if the contract of sale is determined to be valid, plaintiff's fraud cause of action lacks merit. Plaintiff's basis for arguing that the contract is invalid is that, at the time the contract was executed, the seller, Deutsche Bank, did not have title to the premises. However, at the time of delivery of the deed to plaintiff at the closing, Deutsche Bank had title thereto and, therefore, the contract of sale was valid (see Grassi v Tatavito Homes, 90 AD2d 479 [1982], affd 58 NY2d 1038; 91 NY Jur 2d, Real Property Sales and Exchanges §§ 13, 106). Consequently, in light of plaintiff's concession at oral argument, we need not address the merits of plaintiff's fraud cause of action and, thus, we find no basis to disturb the dismissal of the first cause of action.
Further, plaintiff failed to state a cause of action sounding in negligence. "The elements of a common-law negligence cause of action are a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately resulting there from" (Jiminez v Shahid, 83 AD3d 900, 901 [2011]; see Turcotte v Fell, 68 NY2d 432, 437 [1986]). Plaintiff failed to allege that SLS and Deutsche Bank owed a legal duty independent of their contractual obligations to plaintiff (see Sommer v Federal Signal Corp., 79 NY2d 540, 551 [1992]; Southern Tier Crane Servs., Inc. v Dakksco Pipeline Corp., 149 AD3d 1303, 1303-1304 [2017]; New York Cent. Mut. Fire Ins. Co. v Glider Oil Co., Inc., 90 AD3d 1638, 1640 [2011]). Consequently, the third cause of action was properly dismissed.
Finally, plaintiff's fourth cause of action, based on violations of Insurance Law § 2502 (a) (2), was properly dismissed. Insurance Law § 2502 (a) (2) prohibits certain mortgage lenders from requiring borrowers to obtain title insurance from a specific title insurer, agent or broker as a condition precedent to receiving a loan. As the transaction involved herein was between a seller and a purchaser of real property, that statute was not implicated.
Accordingly, the order entered September 14, 2016, insofar as appealed from, is affirmed.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 10, 2019