Wenig Saltiel, LLP, Appellant, 
against
Specialized Loan Servicing, LLC and Deutsche Bank National Trust Company as Trustee for GSAA Home Equity Trust 2005-4, Respondents, and Assurant Field Asset Services, Also Known as Field Asset Services, LLC, Defendant. 

Wenig Saltiel, LLP (Jeffrey L. Saltiel and Ian A. King, III of counsel), for appellant.
Knuckles, Komosinski & Elliot, LLP (Loretta Carty of counsel), for respondents.

Appeal from an order of the Civil Court of the City of New York, Richmond County (Philip S. Straniere, J.), entered September 14, 2016. The order, insofar as appealed from, upon reargument, adhered to a prior determination in an order of that court entered March 4, 2016 granting a motion by defendants Specialized Loan Servicing, LLC and Deutsche Bank National Trust Company as Trustee for GSAA Home Equity Trust 2005-4 to dismiss so much of the complaint as was asserted against them.
ORDERED that the order entered September 14, 2016, insofar as appealed from, is affirmed, without costs.
The complaint in this action alleges, among other things, that plaintiff purchased real property from defendant Specialized Loan Servicing, LLC (SLS), which was acting as an agent for defendant Deutsche Bank National Trust Company as Trustee for GSAA Home Equity Trust 2005-4 (Deutsche Bank). The contract contains a merger clause and a statement that the premises was being sold "as is." Insofar as is relevant to this appeal, as a first cause of action, the complaint alleges that SLS and Deutsche Bank committed a fraud against plaintiff by making a false representation that the property was "properly winterized," and that plaintiff relied on that representation to its detriment. As a third cause of action, the complaint alleges that SLS and Deutsche Bank were negligent in failing to "hire a competent company to perform the winterization process." As a fourth cause of action, the complaint alleges that SLS and Deutsche Bank violated Insurance Law § 2502 (a) (2) by requiring plaintiff to obtain title insurance from a specific title insurer as a condition of the sale of the property. SLS and Deutsche Bank moved to [*2]dismiss the foregoing causes of action pursuant to CPLR 3211 (a) (1) and (7). By order entered March 4, 2016, the Civil Court granted the motion. Plaintiff appeals from so much of an order entered September 14, 2016, as, upon reargument, adhered to the court's prior determination dismissing the causes of action asserted against SLS and Deutsche Bank.
At the outset, we note that, at oral argument, plaintiff's counsel, Mr. Saltiel, conceded that, if the contract of sale is determined to be valid, plaintiff's fraud cause of action lacks merit. Plaintiff's basis for arguing that the contract is invalid is that, at the time the contract was executed, the seller, Deutsche Bank, did not have title to the premises. However, at the time of delivery of the deed to plaintiff at the closing, Deutsche Bank had title thereto and, therefore, the contract of sale was valid (see Grassi v Tatavito Homes, 90 AD2d 479 [1982], affd 58 NY2d 1038; 91 NY Jur 2d, Real Property Sales and Exchanges §§ 13, 106). Consequently, in light of plaintiff's concession at oral argument, we need not address the merits of plaintiff's fraud cause of action and, thus, we find no basis to disturb the dismissal of the first cause of action.
Further, plaintiff failed to state a cause of action sounding in negligence. "The elements of a common-law negligence cause of action are a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately resulting there from" (Jiminez v Shahid, 83 AD3d 900, 901 [2011]; see Turcotte v Fell, 68 NY2d 432, 437 [1986]). Plaintiff failed to allege that SLS and Deutsche Bank owed a legal duty independent of their contractual obligations to plaintiff (see Sommer v Federal Signal Corp., 79 NY2d 540, 551 [1992]; Southern Tier Crane Servs., Inc. v Dakksco Pipeline Corp., 149 AD3d 1303, 1303-1304 [2017]; New York Cent. Mut. Fire Ins. Co. v Glider Oil Co., Inc., 90 AD3d 1638, 1640 [2011]). Consequently, the third cause of action was properly dismissed.
Finally, plaintiff's fourth cause of action, based on violations of Insurance Law § 2502 (a) (2), was properly dismissed for failure to state a cause of action (see CPLR 3211 [a] [7]). The statute at issue does not expressly create a cause of action authorizing a party who has purchased real property from a bank to commence civil litigation against that bank when the transaction was conditioned upon the buyer's purchase of insurance from a particular insurer. "Where, as here, a statute does not explicitly provide for a private right of action, recovery may only be had under the statute if a legislative intent to create such a right of action may fairly be implied in the statutory provisions and their legislative history. This inquiry involves three factors: (1) whether the plaintiff is one of the class for whose particular benefit the statute was enacted; (2) whether recognition of a private right of action would promote the legislative purpose; and (3) whether creation of such a right would be consistent with the legislative scheme" (Kamins v United Healthcare Ins. Co. of NY, Inc., 171 AD3d 715, 716 [2019] [internal quotation marks and citations omitted]; see Haar v Nationwide Mut. Fire Ins. Co., ___ NY3d___, ___, 2019 NY Slip Op 08445, *2 [2019]; Eskenazi-McGibney v Connetquot Cent. Sch. Dist., 169 AD3d 8, 11 [2018]; Davis v Citibank, N.A., 116 AD3d 819, 821-822 [2014]). "Critically, all three factors must be satisfied before an implied private right of action will be recognized" (Haar v Nationwide Mut. Fire Ins. Co., 2019 NY Slip Op 08445, at *2; see McLean v City of New York, 12 NY3d 194, 200 [2009]).
With respect to the first factor, the provision at issue was added to New York Insurance Law § 2502 to address the longstanding conflicts between the banking and insurance industries regarding the sale of insurance and to ensure a level playing field between banks and insurance [*3]companies with respect to the sale of insurance (see Sponsor's Mem, Bill Jacket, L 1997, ch 3). Thus, the legislative history reveals that the provision was intended to protect, among others, the insurance industry. Although purchasers of real property from banks may derive a benefit from this provision insofar as it tends to ensure that they have the right to purchase insurance from the agent or company of their choice, they do not constitute the sole class for whose particular benefit the provision was enacted (see Davis v Citibank, N.A., 116 AD3d at 822 [holding that the first factor was not satisfied because although the plaintiffs might derive a benefit from the statutory program at issue, the program was not promulgated solely for their particular benefit]; Flagstar Bank, FSB v State of New York, 114 AD3d 138, 146 [2013] [holding that the first factor was not satisfied because the plaintiffs did not constitute the sole class for whose particular benefit the statutory provisions at issue were enacted]). Since plaintiff fails to satisfy the first prong, we must conclude, regardless of our determination of the other two factors, that there is no implied right of action under New York Insurance Law § 2502 (a) (2) (see Haar v Nationwide Mut. Fire Ins. Co., 2019 NY Slip Op 08445, at *3).
Accordingly, the order entered September 14, 2016, insofar as appealed from, is affirmed.
The decision and order of this court dated May 10, 2019 (63 Misc 3d 152[A], 2019 NY Slip Op 50752[U]) is hereby recalled and vacated (see motion decided simultaneously herewith).
WESTON and ALIOTTA, JJ., concur.
PESCE, P.J., taking no part.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 26, 2020